SIXTH DIVISION 

August 8, 2003 

No. 1-01-4253

THE PEOPLE OF THE STATE OF ILLINOIS,

Plaintiff-Appellee,

v.

DARZELL DUNN,

Defendant-Appellant.

)))))))))

Appeal from the

Circuit Court of

Cook County

Honorable

Stuart E. Palmer,

Judge Presiding.

MODIFIED OPINION UPON DENIAL OF REHEARING

JUSTICE O'MARA FROSSARD delivered the modified opinion of the court:

On April 2, 2001, defendant Darzell Dunn pled guilty to one count of residential burglary and was sentenced to 20 years' imprisonment based on his criminal history, which included 10 prior convictions.  On appeal, defendant contends that he did not enter a negotiated guilty plea and, therefore, should have been admonished under Supreme Court Rule 605(b), which governs non-negotiated guilty pleas (188 Ill. 2d R. 605(b)).  Defendant seeks remand to the circuit court for compliance with the requirements of Supreme Court Rule 605(b). 

     BACKGROUND

A conference pursuant to Supreme Court Rule 402 was held on January 25, 2001.  Before the conference took place, the trial court stated the following to defendant:

"THE COURT: Mr. Dunn, your lawyer asked me to participate in a pre-trial conference to talk about a possible plea of guilty by you with regard to these charges.  When I hold that conference, I am going to talk to your lawyer and the State's Attorney.  They will tell me what they expect the evidence would show if your case was to go to trial.  They will also tell me some things that may not be admissible at trial, including any criminal history that you might have.  After the conference, if there isn't an agreement on a sentence or if you don't want to accept what I say I will do in return for a plea of guilty, the fact that we had the conference won't be a sufficient reason for you to get another judge.  Do you understand what I have said?

THE DEFENDANT: Yes, sir.

THE COURT: Do you want me to have that conference?

THE DEFENDANT: Yes."

Following the conference, defendant indicated that he wished to set the case for a jury trial, and the trial court assigned April 2, 2001, as the trial date.

On April 2, 2001, defendant indicated that he wished to plead guilty.  At that time, the following discussion occurred:

"DEFENSE COUNSEL: This is Darzell Dunn.  I have explained the results of the 402 conference on a prior court date, which he wishes to accept the offer and plead guilty to residential burglary.

THE COURT: Is that what you want to do?

THE DEFENDANT: Yeah.

THE COURT: You are charged with one count of residential

burglary.  That is a class 1 felony.  The potential penalty is anywhere between 4 and 15 years in the Illinois Department of Corrections, plus, two years mandatory supervised release.  Based upon what I was told in the pretrial conference, you understand you're subject to an extended term, which would be anywhere between 15 and 30 years in the Illinois Department of Corrections, plus, two years mandatory supervised release.

* * *

THE COURT: I did say on a prior occasion if you plead guilty, I would sentence you to 20 years in the Illinois Department of Corrections, which is an extended term sentence.  Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Is that acceptable to you now?

THE DEFENDANT: Yes sir.

THE COURT: What's your plea to this charge of residential burglary, guilty or not guilty?

THE DEFENDANT: Guilty."

The State then recited the stipulated factual basis.  Defendant was caught taking property from the victim's home.  The victim, along with a neighbor, detained defendant until the police arrived.  The trial court accepted defendant's jury waiver and guilty plea, finding that the plea was voluntary and that there was a factual basis for the plea.  The trial court then found defendant guilty and sentenced him to 20 years' imprisonment.  The trial court then admonished defendant:

"Sir, you have a right to appeal.  Prior to doing that, you have to file a motion to withdraw your plea of guilty within 30 days in writing setting forth all the reasons why you want me to allow you to withdraw your plea of guilty.  Any reasons not set forth in your motion will be waived for purposes of appeal.  If you couldn't afford an attorney or a copy of the transcript, those will be provided for you free of charge.  If I allow you to withdraw your plea of guilty, all charges will be reinstated."

Defendant filed a late notice of appeal which incorporated the motion to withdraw his guilty plea and to vacate judgment.  This late notice of appeal was denied on June 22, 2001.  A revised late notice of appeal was later allowed by this court.

     ANALYSIS

Supreme Court Rule 604(d) provides the requirements a defendant must satisfy when appealing from a judgment entered on a plea of guilty.  188 Ill. 2d R. 604(d).  Rule 604(d) states in relevant part:

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment.  ***  The motion shall be in writing and shall state the grounds therefor.  ***  Upon appeal any issue not raised by the defendant in the motion to reconsider the sentence or withdraw the plea of guilty and vacate the judgment shall be deemed waived."  188 Ill. 2d R. 604(d).

Rule 604(d) provides that a defendant who entered a guilty plea, whether open or negotiated, must file a written postplea motion with the trial court when appealing from a judgment entered on a plea of guilty.  188 Ill. 2d R. 604(d).  Absent defendant's compliance with the required written postplea motion, this court cannot consider defendant's appeal.  
People v. Wilk
, 124 Ill. 2d 93, 105 (1988).  In 
Wilk
, our supreme court held that the requirement that defendant file a written post-sentencing motion is not a suggestion but, rather, mandatory.  
Wilk
, 124 Ill. 2d at 103.  A written postsentencing motion is a "condition precedent" to appeal.  
Wilk
, 124 Ill. 2d at 107.

We note that a number of appellate court opinions have interpreted the "condition precedent" language as finding the filing of a Rule 604(d) motion to be a jurisdictional requirement.  See 
People v. Clark
, 276 Ill. App. 3d 1002, 1005 (1995); 
People v. Castillo
, 243 Ill. App. 3d 818, 820-21 (1993).  However, other appellate court opinions reject finding the filing of a Rule 604(d) motion to be a jurisdictional requirement but, rather, indicate that failure to file a Rule 604(d) motion can result in the waiver of a defendant's right to appeal.  See 
e.g.
, 
People v. Cochrane
, 257 Ill. App. 3d 1047, 1050 (1994); 
People v. Young
, 250 Ill. App. 3d 55, 63 (1993).

In 
People v. McKay
, 282 Ill. App. 3d 108 (1996), the court held that failure to file a Rule 604(d) motion results in waiver of a defendant's right to appeal.  In its analysis, the 
McKay
 court noted as follows:

"In 
Wilk
, our supreme court–concerned Rule 604(d) was widely ignored by both courts and attorneys–determined defendants who fail to file a Rule 604(d) motion may not pursue a direct appeal; instead, the Post-Conviction Hearing Act [citation] is the appropriate avenue of relief for such defendants.  [Citation.]  From this proposition it does not inexorably follow that an appellate court lacks jurisdiction over an appeal taken from a guilty plea in the absence of a Rule 604(d) motion.  Rather, the 
Wilk 
 line of cases and Rule 604(d) represent an instruction from the supreme court requiring the appellate courts to find defendants waive their right to appeal by failing to file a Rule 604(d) motion.  
Wilk
 and its progeny, therefore, withdraw from an appellate court not jurisdiction, but rather the decision whether waiver should bar the appeal of a defendant who has not filed a Rule 604(d) motion. [Citation.]"  
McKay
, 282 Ill. App. 3d at 111.

The Illinois Supreme Court recently resolved this split of authority in 
In re William M.
, No.93760 (June 19, 2003), finding that the court in 
McKay
 was correct.  The supreme court indicated that the failure to file a Rule 604(d) motion does not deprive the court of jurisdiction, but can result in the waiver of a defendant's right to appeal.  
William M.
, slip op. at 4
.

A defendant's failure to satisfy the written postplea motion requirements of Rule 604(d) can result in the loss of the right to direct appeal.  In the context of negotiated pleas of guilty, we note that Rule 605(c) is a necessary corollary to Rule 604(d) because Rule 605(c) mandates the trial judge to admonish defendant regarding the requirements of Rule 604(d).  Here, defendant failed to file a timely Rule 604(d) motion; however, exceptions to the written motion requirements of Rule 604(d) have been recognized.  
People v. Foster
, 171 Ill. 2d 469, 473 (1996); 
William M.
, slip op. at 6.

The exception to noncompliance with the postplea motion requirements of Rule 604(d) occurs where the trial court failed to properly admonish defendant.  
Foster
, 171 Ill. 2d at 473.  In 
Foster
, our supreme court recognized that strict compliance with Rule 604(d) is required and a defendant's failure to file a Rule 604(d) motion can "result in the loss of the right to direct appeal ***."  
Foster
, 171 Ill. 2d at 472.  However, the supreme court adopted an admonition exception to such requirement.  
Foster
, 171 Ill. 2d at 473.  We note 
Foster
 addressed the effect of the waiver rule provision in Rule 604(d) when the circuit court fails to advise a defendant as required by Rule 605(b).  Our supreme court, in the context of open pleas of guilty, held in 
Foster
 that when the circuit court fails to properly admonish a defendant as required by Rule 605(b), "the appellate court may entertain an appeal from a sentence despite defendant's noncompliance with the written-motion requirement of Rule 604(d)."
  
Foster
,
 171 Ill. 2d at 473.  In order to prevent the defendant from unfair prejudice for failing to file a written post-sentencing motion, the appellate court should remand the matter to the circuit court so that "strict compliance" with Rule 604(d) can be satisfied.  
Foster
, 171 Ill. 2d at 473-74.  Although 
Foster
 addressed the exception to noncompliance with the postplea motion requirements of 604(d) where the trial court failed to properly admonish a defendant as required by Rule 605(b), we find 
Foster
 instructive in the context of this case where application of 605(c) is in issue.  The admonishments that the trial court is required to give a defendant differ when the sentence is the result of a negotiated plea of guilty rather than an open plea of guilty.  Accordingly, before determining whether the trial court gave proper admonishments, we must determine whether defendant was sentenced as the result of a negotiated plea of guilty or as the result of an open plea of guilty.

I. Negotiated Plea of Guilty

In the instant case, the trial court admonished defendant under Rule 605(c), which governs negotiated pleas of guilty.  188 Ill. 2d R. 605(c).  Defendant asserts that the admonishments given by the trial court were not proper because he did not enter a negotiated guilty plea, and therefore, he should have been admonished under Rule 605(b).  The State contends Rule 605(c) applies because defendant was sentenced as the result of a negotiated plea of guilty.  

Rule 605(b) contains the admonishments for defendants sentenced as the result of an open plea of guilty.  Rule 605(c) provides the admonishments for defendants sentenced as the result of a negotiated plea of guilty.  The differences between Rules 605(b) and 605(c) can be found in the second and third paragraphs of each rule, respectively.  
To resolve the issues created by improper admonishments regarding pleas of guilty, the Illinois Supreme Court on October 5, 2000, approved Rule 605(c) for negotiated pleas of guilty and amended Rule 605(b) for open pleas of guilty.  Official Reports Advance Sheet No. 23 (November 15, 2000), Rs. 605(b), (c), eff. November 1, 2000; See 
People v. Linder
, 186 Ill. 2d 67 (1999); 
People v. Evans
, 174 Ill. 2d 320 (1996).

Rule 605(c) is to be used with defendants sentenced pursuant to a negotiated plea of guilty and provides as follows:

"(c) On Judgment and Sentence Entered on a Negotiated Plea of Guilty.  In all cases in which a judgment is entered upon a negotiated plea of guilty, at the time of imposing sentence, the trial court shall advise the defendant substantially as follows:

(1) that the defendant has a right to appeal;

(2) that prior to taking an appeal the defendant must

file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;

(3) that if the motion is allowed, the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

(4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial;

(5) that if the defendant is indigent, a copy of the

transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of the motions; and 

(6) that in any appeal taken from the judgment on the

plea of guilty any issue or claim of error not raised in the motion to vacate the judgment and to withdraw the plea of guilty shall be deemed waived."  188 Ill. 2d R. 605(c).

Unlike Rule 605(c), the second and third paragraphs of Rule 605(b) provide as follows:

"(2) that prior to taking an appeal the defendant must

file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the trial court reconsider the sentence or to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;

(3) that if the motion is allowed, the sentence will be

modified or the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made[.]"  188 Ill. 2d R. 605(b).

For the purpose of Rule 605(c), a negotiated plea of guilty is one in which the prosecution has agreed to recommend to the trial court a specific sentence or specific range of sentence or where the prosecution has made concessions relating to the sentence to be imposed.  188 Ill. 2d R. 605(c).  If a plea agreement "limits or forecloses the State from arguing for a sentence from the full range of penalties available under the law," it is not an open plea but a negotiated plea and "in order to challenge his sentence, a defendant must first move to withdraw his plea in the trial court."  
People v. Diaz
, 192 Ill. 2d 211, 225 (2000).

Defendant argues that his agreement was with the trial court only and was not a negotiated plea of guilty.  This assertion, however, is refuted by the record.  Defendant requested that the trial court participate in a Rule 402 conference, the participants of which were defense counsel, the State, and the trial court.  Although the conference did not immediately lead to a plea agreement, on the date the case was set for trial, defendant indicated that he wished to plead guilty according to the terms discussed at the previously held Rule 402 conference.  The trial court stated, "I did say on a prior occasion if you plead guilty I would sentence you to 20 years ***."  This statement illustrates the trial court satisfied the requirement of Rule 402, that at a guilty plea hearing the trial court confirm in open court the terms of the plea agreement.  177 Ill. 2d R. 402(b).  With this statement, the trial court was indicating that during the previously held Rule 402 conference, the parties, which included defense counsel and the State, agreed to a sentence of 20 years in prison in exchange for a plea of guilty, and that the trial court would now act in accordance with the terms of the agreement.

Further evidence that defendant's plea was a negotiated guilty plea is the sentence imposed upon him.  Due to his criminal history, which included 10 prior convictions, defendant was eligible for an extended prison term ranging between 15 and 30 years, but was sentenced to 20 years' imprisonment.  The sentence imposed  is closer to the minimum available under the extended- term sentencing range and demonstrates that, pursuant to the agreement reached during the Rule 402 conference, the State was foreclosed from arguing for a sentence from the full range of penalties available under the law.  For the reasons previously discussed, we find that defendant entered into a negotiated guilty plea.  As such, we must examine whether the trial court's admonishments complied with Rule 605(c).

II. Admonishments Satisfied Illinois Supreme Court Rule 605(c)

Illinois Supreme Court Rule 605(c) provides, in relevant part, that the trial court must advise the defendant:

"(1) that the defendant has a right to appeal;

(2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;

* * *

(5) that if the defendant is indigent, a copy of the transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of the motions[.]"  188 Ill. 2d R. 605(c).

Trial courts are held to strict compliance with Supreme Court Rule 605(c) admonishment requirements.  See 
People v. Lloyd
, No. 1-02-0219 (April 14, 2003) (finding the admonitions contained in Rule 605(c) to be essentially the same as those contained in Rule 605(b), which deals with open pleas), citing 
People v. Anderson
, 309 Ill. App. 3d 417, 421 (1999) (in the context of Rule 605(b)); 
People v. Jamison
, 181 Ill. 2d 24, 29-31 (1998).  Although the trial court is not required to use the exact language of the rule, the admonitions are insufficient where the trial court leaves out the substance of the rule.  
Anderson
, 309 Ill. App. 3d at 421.

Defendant contends that the trial court failed to admonish him: (1) of his alleged right to file a motion to reduce sentence; and (2) that appointed counsel could help him draft postplea motions.

The right to file a motion to reduce sentence is a required admonition under Rule 605(b), which governs nonnegotiated pleas, but is not, however, a required admonition under Rule 605(c), which governs negotiated pleas, as is the case here.  A defendant who enters a negotiated plea of guilty cannot file a motion to reconsider sentence, but can file a written motion to have the judgment vacated and to withdraw the plea of guilty.  
Linder
, 186 Ill. 2d at 73-74; 
Evans
, 174 Ill. 2d at 332.  Therefore, in the context of the Rule 605(c) admonishment, given defendant by the trial court, it was not error for the trial court to omit an admonition regarding motions to reconsider or reduce sentence.

Defendant contends that because the trial court did not properly admonish him regarding his right to have counsel assist him with the preparation of postplea motions, he did not have the assistance of counsel, resulting in a postplea motion that was neither timely nor thorough.  The State argues that the court substantially complied with Rule 605(c).  A similar argument was recently addressed in 
People v. Lloyd
, No. 1-02-0219 (April 14, 2003).

The trial court in 
Lloyd
 gave the following admonishments pursuant to Rule 605:

" 'Mr. Lloyd, you have the right to appeal.  But before you can appeal, you must first file in this court within 30 days a written motion asking to withdraw your plea of guilty.  You would have to set forth in that motion valid legal reasons why you're asking to withdraw your plea of guilty.  Any reason you fail to set forth in your motion, you would give up for purposes of appealing that issue.' "  
Lloyd
, slip op. at 3-4. 

The 
Lloyd
 court noted the trial court failed to mention appointing counsel for postplea proceedings.  Regarding the failure to mention appointing counsel, the 
Lloyd
 court indicated, "Here, however, it is not the precise wording used that is at issue, but the lack of any wording at all."  
Lloyd
, slip op. at 11.  The court concluded, "Where it is undisputed that defendant was not so informed, there could not be substantial admonishment under Rule 605(c)."  
Lloyd
, slip op. at 11.

In the instant case, the trial court gave defendant the following admonishments pursuant to Rule 605: 

"Sir, you have a right to appeal.  Prior to doing that, you have to file a motion to withdraw your plea of guilty within 30 days in writing setting forth all the reasons why you want me to allow you to withdraw your plea of guilty.  Any reasons not set forth in your motion will be waived for purposes of appeal.  If you couldn't afford an attorney or a copy of the transcript, those will be provided for you free of charge.  If I allow you to withdraw your plea of guilty, all charges will be reinstated."

Unlike the admonishments by the trial court in 
Lloyd
, in the instant case the trial court specifically mentioned the fact that an attorney would be provided if defendant could not afford to hire an attorney.  In compliance with Rule 605(c), the trial court gave defendant the required admonishments.  The court properly informed defendant of his right to appeal, the need to file a written motion to withdraw the plea within 30 days of sentencing, waiver of any issues not raised in such motion, and, if indigent, his right to a free transcript and to an attorney free of charge.  

Defendant's contention that the trial court failed to admonish him that appointed counsel could help him draft postplea motions is refuted by the record.  The trial court admonished defendant that in order to appeal, he must file a written motion to withdraw the guilty plea.  The trial court also admonished defendant that if he were indigent, an attorney would be appointed free of charge.  These admonitions  reflect that a court-appointed attorney would be available for defendant.  The language used by the trial court was not the exact language employed by the rule; however, the trial court's admonitions did convey the substance of the rule.

CONCLUSION

We conclude that the trial court did not err in its admonitions to defendant; therefore, defendant will not be excused for failing to file the proper postplea motion to withdraw his guilty plea.  In the instant case, defendant failed to file a timely Rule 604(d) motion.  
The admonition exception to noncompliance with the postplea motion requirements of 604(d) occurs where the trial court failed pursuant to Rule 605 (c) to properly admonish defendant regarding the postplea motion requirements of Rule 604(d).  See 
Foster
, 171 Ill. 2d at 473.  The admonition exception to noncompliance by defendant regarding postplea motion requirements does not apply in the instant case because the trial court, pursuant to Rule 605(c), properly admonished defendant regarding the postplea motion requirements of Rule 604(d).  

For the reasons previously discussed, absent defendant's compliance with the postplea motion requirements of 604(d), and absent the exception to noncompliance in light of the trial court's proper admonishments pursuant to Rule 605(c), we affirm the trial court's denial of defendant's motion to withdraw his guilty plea.

Affirmed.

O'BRIEN, P.J., and GALLAGHER, J., concur.