2021 IL App (1st) 190135-U

No. 1-19-0135

Order filed March 31, 2021

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 18 CR 7457(02) |
| | ) | |
| JERRY JOHN, | ) | Honorable |
| | ) | Thomas Joseph Hennelly, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE REYES delivered the judgment of the court.
Presiding Justice Gordon and Justice Lampkin concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Defendant's appeal is dismissed because he did not file a motion to withdraw his guilty plea pursuant to Illinois Supreme Court Rule 604(d) and the trial court's admonishments substantially complied with Illinois Supreme Court Rule 605(c).

¶ 2   Defendant Jerry John entered a negotiated guilty plea to possession of a controlled substance (720 ILCS 570/402(c) (West 2018)) and was sentenced to 24 months' probation. On appeal, defendant argues the matter should be remanded for proper postplea admonitions pursuant

to Illinois Supreme Court Rule 605(c) (eff. Oct 1, 2001). For the following reasons, we dismiss the appeal.

¶ 3    Defendant was charged by information with knowingly possessing less than 15 grams of a substance containing heroin (720 ILCS 570/402(c) (West 2018)).

¶ 4    On November 21, 2018, through counsel, defendant requested a conference pursuant to Illinois Supreme Court Rule 402(d) (eff. July 1, 2012). The trial court admonished defendant that, during the conference, it would learn the facts of the case and his personal history and make a recommendation which defendant could accept or reject. Following the off-record conference, defendant pled guilty to the charged offense. The parties stipulated to the facts presented during the conference, and the court accepted defendant's plea and sentenced him to 24 months' probation.

¶ 5    The court then stated:

"Finally, you have a right to appeal. I have to tell you about that. To do that though within 30 days of today's date you must file a motion entitled motion to withdraw, or take back, your plea. In the motion you must list the reasons why you want to do that. Otherwise they're waived. If I grant your motion, I'll let you take your plea back. The case will come back in front of me. We'll start all over again and we'll set it down for trial.

On the other hand, if I deny your request to take back your plea, you can appeal the denial by filing a notice of appeal here in the Circuit Court. Now, if you couldn't afford the cost of a lawyer or the cost of a transcript that you would need for that appeal, those things would be given to you at no cost to you. Those are your appellate rights. Do you understand those?"

Defendant confirmed that he understood the rights.

¶ 6 Defendant did not file a motion to withdraw his plea. On December 20, 2018, defendant filed a notice of appeal.

¶ 7 On appeal, defendant argues his case should be remanded because the trial court's postplea admonitions did not substantially comply with Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001). Specifically, defendant contends that the court did not advise him that (1) prior to appealing, he was required to file in the trial court a postplea motion to withdraw the plea and vacate judgment; (2) if he were indigent, counsel would be appointed and transcripts provided to assist him in preparation of the motion; and (3) if the motion were successful, the trial court would vacate his plea and sentence. The State argues that defendant was adequately admonished, and therefore, we should dismiss defendant's appeal based on his failure to file a motion to withdraw his plea.

¶ 8 Pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2017), a defendant who wishes to appeal from a judgment entered upon a guilty plea must file a written postplea motion in the trial court within 30 days of sentencing. Generally, a defendant's failure to file such a motion precludes the appellate court from considering the appeal on its merits, and the appellate court must dismiss the appeal. *People ex rel. Alvarez v. Skryd*, 241 Ill. 2d 34, 40 (2011). However, if the defendant did not know that filing such a motion was necessary, dismissing the appeal would violate due process. *Id.* at 41. Therefore, if the trial court failed to properly admonish the defendant pursuant to Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001), we will remand the cause for proper admonitions. *People v. Dominguez*, 2012 IL 111336, ¶ 11.

¶ 9 To properly admonish a defendant pursuant to Rule 605(c) when a defendant enters a negotiated plea of guilty, including negotiated pleas entered pursuant to conferences under Illinois

Supreme Court Rule 402(d) (eff. July 1, 2012) (*People v. Gougisha*, 347 Ill. App. 3d 158, 159-62 (2004)), the trial court must substantially advise the defendant of the following:

"(1) that the defendant has a right to appeal;

(2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;

(3) that if the motion is allowed, the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

(4) that upon request of the State any charges that may have been dismissed as a part of the plea agreement will be reinstated and will also be set for trial;

(5) that if the defendant is indigent, a copy of the transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of motions; and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to vacate the judgment and to withdraw the plea of guilty shall be deemed waived." Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001).

¶ 10    The trial court need not read the rule verbatim to properly admonish the defendant. *Dominguez*, 2012 IL 111336, ¶ 11. To substantially comply with the rule, the trial court must "impart to a defendant the essence or substance of the rule" such that the defendant is "properly informed, or put on notice," of the steps he must take to preserve his right to appeal. *Id.* ¶ 22.

Because it concerns the interpretation of a supreme court rule, we review *de novo* whether a trial court substantially complied with the rule. *Id.* ¶ 13.

¶ 11    First, we find that the trial court adequately admonished defendant that, prior to appealing, he was required to file a motion in the trial court to have the judgment vacated and for leave to withdraw his guilty plea. The court stated that, in order to exercise his right to an appeal, "within 30 days of today's date you must file a motion entitled motion to withdraw, or take back, your plea. In the motion you must list the reasons why you want to do that. Otherwise they're waived." The trial court's language was consistent with Rule 605(c)(2)'s requirement that he be informed that he was required to file a postplea motion within 30 days of sentencing. Ill. S. Ct. R. 605(c)(2) (eff. Oct. 1, 2001). The court further stated, "[i]f I grant your motion, I'll let you take your plea back. The case will come back in front of me. We'll start all over again and we'll set it down for trial." The court also informed defendant that, if it denied his motion, he could appeal by filing a notice of appeal "here in the Circuit Court." It was therefore clear that defendant must file the postplea motion in the trial court. Moreover, by explaining that the case would "start all over again," and proceed to trial, the court communicated to defendant that, if his motion were successful, his sentence would be vacated.

¶ 12    The trial court also advised defendant that if he "couldn't afford the cost of a lawyer or *** transcript" for an appeal, they would be provided at no cost. Defendant argues that the court did not adequately convey that counsel was also available for postplea motions. Our supreme court's decision in *Dominguez* is instructive.

¶ 13    In *Dominguez*, the trial court informed the defendant that he could file motions to vacate his guilty plea or to reconsider his sentence and explained what would happen if the motions were granted. *Dominguez*, 2012 IL 111336, ¶ 5. The court then stated:

> "In the event the motions are denied, you have 30 days from denial to return to file a notice of appeal the [*sic*] Court's ruling. If you wish to do so and could not afford an attorney, we will give you an attorney free of charge, along with the transcripts necessary for those purposes." *Id.*

¶ 14    Our supreme court found that the trial court adequately conveyed the substance of Illinois Supreme Court Rule 605(c)(5) (eff. Oct. 1, 2001), despite "arguably" failing to "explicitly inform" the defendant that he had the right to appointed counsel to assist in preparing his postplea motion, because the court's statement "reflect[ed] that a court-appointed attorney would be available" for him. *Id.* ¶ 51. So too here, where the court did not expressly state that counsel was available to assist in preparing defendant's postplea motion, but adequately conveyed the substance of the rule by communicating that a court-appointed attorney was available if he were indigent.

¶ 15    As defendant notes, the trial court in *Dominguez* also issued written admonishments which "recited Rule 605(c) almost verbatim." *Id.* ¶ 6. However, the written admonishments in *Dominguez* were not dispositive; rather, the supreme court reached its holding by analogizing *In re J.T.*, 221 Ill. 2d 338 (2006) and *People v. Dunn*, 342 Ill. App. 3d 872 (2003). See *Dominguez*, 2012 IL 111336, ¶¶ 47-51, 54.

¶ 16    In *J.T.*, the trial court admonished the respondent that, if he wished to appeal, he had to file a petition seeking to withdraw his guilty plea. *J.T.*, 221 Ill. 2d at 342-43. The court further advised:

"[I]f you go up on appeal and you are unable to hire an attorney to represent you, the Court will appoint an attorney for you free of charge. That's your right to have an attorney if you can't afford one. Also, we will provide you with a free copy of the transcript." *Id.* at 343.

¶ 17 The respondent did not file a posttrial motion or timely notice of appeal, but sought appellate review on the basis that the trial court failed to properly admonish him and postconviction relief is unavailable for juveniles. *Id.* at 343-44. The appellate court remanded to the trial court for proper admonishments, and the State appealed. *Id.* at 344-45.

¶ 18 The supreme court held that the appellate court lacked jurisdiction. *Id.* at 346-47. In considering whether to grant the respondent supervisory relief, however, the supreme court found that, while the admonitions "did not strictly comply with Rule 605(c)," they were sufficient because they put the respondent "on notice that he could challenge his guilty plea, and that some action on his part within 30 days was necessary if he wished to appeal." *Id.* at 347-48. Consequently, the respondent's failure to take any action to perfect his appeal within that time period was not excused. *Id.* at 348.

¶ 19 In *Dunn*, the trial court admonished the defendant:

"Sir, you have a right to appeal. Prior to doing that, you have to file a motion to withdraw your plea of guilty within 30 days in writing setting forth all the reasons why you want me to allow you to withdraw your plea of guilty. Any reasons not set forth in your motion will be waived for purposes of appeal. If you couldn't afford an attorney or a copy of the transcript, those will be provided for you free of charge. If I allow you to withdraw your plea of guilty, all charges will be reinstated." *Dunn*, 342 Ill. App. 3d at 876.

¶ 20     On appeal, we rejected the defendant's argument that the admonitions were insufficient because, although the court did not expressly explain that appointed counsel was available to assist in preparation of a posttrial motion, the court admonished defendant that he must file a motion to withdraw his plea in order to appeal, and that if he were indigent, an attorney would be appointed for him. *Id.* at 882. The admonitions therefore adequately reflected that a court-appointed attorney was available for the defendant and conveyed the rule's substance. *Id.*

¶ 21     Returning to *Dominguez*, there our supreme court specifically compared the oral admonitions at issue favorably with those in *J.T.* and *Dunn*, before noting that, unlike those cases, the trial court issued supplemental written admonitions. *Dominguez*, 2012 IL 111336, ¶ 51. Ultimately, therefore, while the trial court in *Dominguez* issued supplemental written admonitions, the trial courts in *J.T.* and *Dunn* did not, and the supreme court in *Dominguez* cited those cases approvingly in concluding that the trial court's oral admonitions substantially complied with the rule. *Dominguez*, 2012 IL 111336, ¶ 51.

¶ 22     Defendant compares his case to *People v. Lloyd*, 338 Ill. App. 3d 379 (2003). In *Lloyd*, the trial court admonished the defendant that he had the right to appeal, but must first file a motion to withdraw his plea, setting forth the reasons he wished to withdraw his plea, and that any reason not set forth in the motion would be waived. *Lloyd*, 338 Ill. App. 3d at 381-82. The trial court did not state that counsel could be appointed or transcripts provided to assist in preparing his motion, or indeed admonish the defendant that he had access to those things at all, on appeal or otherwise. See *id.* We found, therefore, that there was not a substantial admonishment, because "it is not the precise wording used that is at issue, but the lack of any wording at all." *Id.* at 385. No such error excuses defendant's failure to file a postplea motion here, where the trial court advised defendant

that he had access to court-appointed counsel and free transcripts for his appeal if he was found to be indigent. Moreover, *Lloyd* was decided before *Dominguez*, which focused on whether the trial court's admonishments put the defendant "on notice" of the steps required to appeal. *Dominguez*, 2012 IL 111336, ¶ 22.

¶ 23 Accordingly, as in *Dominguez*, we conclude that the trial court here substantially complied with Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001), and defendant's appeal must be dismissed for failure to file a motion to withdraw his guilty plea pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

¶ 24 For the foregoing reasons, we dismiss defendant's appeal.

¶ 25 Appeal dismissed.