2024 IL App (1st) 220586

No. 1-22-0586

Opinion filed June 26, 2024

Third Division

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 21 DV 60992 |
| | ) | |
| MARCUS BLACKMON, | ) | Honorable |
| | ) | Tommy Brewer, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE VAN TINE delivered the judgment of the court, with opinion.
Justice D.B. Walker concurred in the judgment and opinion.
Presiding Justice Reyes dissented, with opinion.

**OPINION**

¶ 1     Defendant Marcus Blackmon pled guilty to two counts of violating an order of protection

and was sentenced to 18 months' probation. Defendant did not file a motion to withdraw his guilty

plea, as required by Illinois Supreme Court Rule 604(d) (eff. Sept. 18, 2023). Instead, he filed a

*pro se* notice of appeal from his guilty plea. Defendant argues that the trial court's postplea

admonishments did not substantially comply with Illinois Supreme Court Rule 605(c) (eff. Sept.

18, 2023) and requests remand for proper admonishments and an opportunity to file a Rule 604(d)

motion to withdraw his guilty plea with representation of counsel. For the reasons stated below, we reverse and remand.

¶ 2                                    I. BACKGROUND

¶ 3    Defendant was charged with two counts of violating an order of protection (720 ILCS 5/12-3.4 (West 2020)), arising from an incident on June 28, 2021, in which he violated a no-contact order as to another man and defendant's ex-girlfriend.

¶ 4    On March 2, 2022, defendant pled guilty to both charges in exchange for 18 months' probation, participation in a domestic violence course, and a mental health evaluation. The trial court accepted defendant's guilty plea and sentenced him according to the plea agreement. The court then admonished defendant as follows:

> "Mr. Blackmon, even though you plead guilty here today, you do have the right to appeal if within 30 days of today's date you file a written motion with the Clerk of the Circuit Court to withdraw your plea.
>
> If I grant your motion, I will set your matters down for trial in [*sic*] the cases that were dismissed or modified pursuant to the agreement would be reinstated if the State requested that I do so.
>
> If I deny your motion, you will have 30 days from the date of that denial to file a written notice of appeal.
>
> If you are indigent and cannot afford an attorney or transcript, both will be provided to you at no cost to help with the appeal process; do you understand?"

Defendant confirmed that he understood. Defendant did not file a motion to withdraw his guilty plea.

¶ 5    Pursuant to a supervisory order from our supreme court, we accepted defendant's late *pro se* notice of appeal.

¶ 6                                        II. ANALYSIS

¶ 7    Defendant contends that the trial court's postplea admonishments failed to substantially comply with Rule 605(c). To appeal from a guilty plea, a defendant must first file a motion to withdraw the guilty plea. Ill. S. Ct. R. 604(d) (eff. Sept. 18, 2023). Rule 605 requires the trial court to admonish a defendant as to the steps he must take under Rule 604(d) to appeal from a guilty plea. Ill. S. Ct. R. 605(c) (eff. Sept. 18, 2023). Rule 605(c) admonishments are "mandatory and a necessary antecedent to the defendant's compliance with the written-motion requirement" of Rule 604(d). *People v. Lloyd*, 338 Ill. App. 3d 379, 384 (2003). If the trial court does not properly admonish the defendant pursuant to Rule 605(c) and the defendant appeals without filing a motion to vacate his guilty plea, we must remand for proper admonishments. *People v. Flowers*, 208 Ill. 2d 291, 300-01 (2003).

¶ 8    Rule 605(c) states that upon a negotiated guilty plea, at the time of sentencing, the trial court must advise the defendant as follows:

> "(1) that the defendant has a right to appeal;
>
> (2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;

(3) that if the motion is allowed, the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

(4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial;

(5) that if the defendant is indigent, a copy of the transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of the motions; and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to vacate the judgment and to withdraw the plea of guilty shall be deemed waived."[1] Ill. S. Ct. R. 605(c) (eff. Sept. 18, 2023).

We review whether the trial court substantially complied with Rule 605(c). *People v. Dominguez*, 2012 IL 111336, ¶¶ 17-19. The trial court must convey the rule's essence, not its precise wording. *Id.* ¶ 19. We review the trial court's compliance with Rule 605(c) *de novo*. *Lloyd*, 338 Ill. App. 3d at 384.

---

[1]Rule 605(c) was amended effective September 18, 2023, to add subsection (d), which provides admonishments that are required upon entry of an order imposing conditions of pretrial release, granting a petition to deny pretrial release, or revoking pretrial release. Ill. S. Ct. R. 605(d) (eff. Sept. 18, 2023). Those admonishments are not at issue in this appeal, and that amendment did not change subsection (c). Therefore, the fact that defendant was admonished in 2022 does not change the Rule 605(c) analysis.

¶ 9    We find that the trial court did not substantially comply with Rule 605(c)(5) (Ill. S. Ct. R. 605(c)(5) (eff. Sept. 18, 2023)) because the court failed to admonish defendant that he had a right to be appointed counsel to file a Rule 604(d) motion to vacate his guilty plea. The trial court stated, "If I deny your motion, you will have 30 days from the date of that denial to file a written notice of appeal. If you are indigent and cannot afford an attorney or transcript, both will be provided to you at no cost *to help with the appeals process.*" (Emphasis added). That language did not inform defendant that he had the right to be appointed counsel to file a motion to vacate his guilty plea. Telling defendant that he had the right to counsel for "the appeals process" suggested that defendant would be appointed counsel only if he filed an appeal in this court, not if he filed a motion to vacate his guilty plea in the trial court. A motion to vacate a guilty plea may be part of "the appeals process" in the sense that a defendant must file such a motion in order to properly appeal. Ill. S. Ct. R. 604(d) (eff. Sept. 18, 2023). However, if granted, a motion to vacate a guilty plea would not result in "the appeals process" at all. In that scenario, a defendant would never file a notice of appeal and his case would never reach this appellate court.

¶ 10    Both this court and the Fourth District have held that Rule 605(c) admonishments are insufficient if they suggest that a defendant will be appointed counsel only when his case reaches the appellate court. In *People v. Zavala*, 2021 IL App (1st) 182701-U, ¶¶ 13, 18, another panel of this court found that the trial court did not substantially comply with Rule 605(c) because it told the defendant that he "had the right to appointed counsel to help him 'exercise his right to appeal.' " Telling the defendant that counsel would be appointed "on appeal did not necessarily mean to him that counsel could help him file the appropriate postplea motions in the trial court." *Id.* ¶ 13. Similarly, in *People v. Murphy*, 2021 IL App (4th) 200523-U, ¶ 16, the Fourth District held that

advising the defendant that he would be appointed counsel if he appealed after the denial of a postplea motion "did not impart to defendant the 'essence' of Rule 605(c)(5)—that he was also entitled to appointed counsel during postplea proceedings." We find the reasoning of these decisions persuasive.[2]

¶ 11    *Dominguez* is distinguishable. In *Dominguez*, the defendant was provided with a written copy of the Rule 605(c) admonishments "almost verbatim," which he signed. *Dominguez*, 2012 IL 111336, ¶ 6. There is no indication that occurred in this case. Furthermore, in *Dominguez*, the trial court's oral admonishments mentioned filing a motion to vacate the guilty plea and/or to reconsider the sentence five times before the trial court concluded by telling defendant that if such a motion was denied, then defendant could appeal, and that, " 'we will give you an attorney free of charge, along with the transcripts necessary *for those purposes*.' " (Emphasis added.) *Id.* ¶ 5. Read as a whole, the trial court's admonishments emphasized the importance of filing a motion to vacate the guilty plea and encompassed that step in the "purposes" for which counsel would be appointed. The trial court in *Dominguez* did not connect the appointment of counsel to "the appeals process." By contrast, in this case, the trial court's admonishments did connect the appointment of counsel with "the appeals process" specifically and exclusively.

¶ 12    We disagree with the dissent that this is a "purely academic discussion." *Infra* ¶ 18. On the contrary, this case raises questions of due process, whether the defendant understood his rights in a meaningful and practical way, and whether he should be able to clear his record of a conviction that may not have been entered properly. Accordingly, we hold that the trial court did not

---

[2]We cite *Zavala* and *Murphy* as persuasive authority pursuant to Illinois Supreme Court Rule 23(e)(1) (eff. Feb. 1, 2023).

substantially comply with Rule 605(c). This case must be remanded for proper Rule 605(c) admonishments and the appointment of counsel to file a Rule 604(d) motion to vacate defendant's guilty plea.

¶ 13                                    III. CONCLUSION

¶ 14     We reverse and remand for the trial court to properly admonish defendant pursuant to Rule 605(c) and to appoint defendant counsel to file a motion to withdraw his guilty plea pursuant to Rule 604(d).

¶ 15     Reversed and remanded.

¶ 16     PRESIDING JUSTICE REYES, dissenting:

¶ 17     The majority finds that the defendant was not adequately admonished pursuant to Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001), and, therefore, the matter must be remanded for proper admonishments. I believe that the majority's analysis is inconsistent with the language of Rule 605(c) and our supreme court's interpretation of the same, and, accordingly, I must respectfully dissent.

¶ 18     As an initial matter, I note that defendant has completed his term of probation, as confirmed by counsel during oral argument. A challenge to a defendant's conviction does not become moot, even after the completion of his sentence, so defendant's claim is still properly before us. See *In re Christopher K.*, 217 Ill. 2d 348, 359 (2005) (completion of a defendant's sentence renders a challenge to the sentence moot, but not a challenge to the conviction). I nevertheless observe that it is entirely possible that our decision in this case may be a purely academic discussion, as defendant could possibly choose not to pursue any further challenge to his conviction on remand, given the completion of his sentence and the possibility that a trial could result in a harsher

sentence, including imprisonment. See 730 ILCS 5/5-4.5-55 (West 2022) (setting forth the sentencing range for a Class A misdemeanor).

¶ 19   More importantly, however, I believe that the trial court's admonishments in the instant case complied with Rule 605(c). As the majority notes, a trial court need only substantially comply with Rule 605(c). *Supra* ¶ 8; see also Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001); *People v. Dominguez*, 2012 IL 111336, ¶ 22. Our supreme court has explained that

> " 'substantially' in the rule does not require a strict verbatim reading of the rule so as to 'substantially advise' defendants of its contents. Rather, the court must impart to a defendant largely that which is specified in the rule, or the rule's 'essence,' as opposed to 'wholly' what is specified in the rule." *Dominguez*, 2012 IL 111336, ¶ 19.

Indeed, the supreme court has instructed that

> "the court must 'substantially' advise a defendant under Rule 605(c) in such a way that the defendant is properly informed, or put on notice, of what he must do in order to preserve his right to appeal his guilty plea or sentence. So long as the court's admonitions were sufficient to impart to a defendant the essence or substance of the rule, the court has substantially complied with the rule." *Id.* ¶ 22.

¶ 20   In this case, the majority finds that "the trial court did not substantially comply with Rule 605(c)(5) (Ill. S. Ct. R. 605(c)(5) (eff. Sept. 18, 2023)) because the court failed to admonish defendant that he had a right to be appointed counsel to file a Rule 604(d) motion to vacate his guilty plea." *Supra* ¶ 9. Our supreme court, however, rejected this precise claim in *Dominguez*. In *Dominguez*, the trial court admonished the defendant that,

" 'even though you have pled guilty and been found guilty, you have certain rights. Those rights include your right to return to the courtroom within 30 days to file motions to vacate your plea of guilty and/or reconsider your sentence. *** In the event the motions are denied, you have 30 days from denial to return to file a notice of appeal [of] the Court's ruling. If you wish to do so and could not afford an attorney, we will give you an attorney free of charge, along with the transcripts necessary for those purposes.' " *Dominguez*, 2012 IL 111336, ¶ 5.

On appeal, the defendant argued, as defendant does here, that the trial court failed to properly admonish him regarding his right to the assistance of counsel for the drafting of postplea motions. *Id.* ¶ 38. The supreme court upheld the defendant's conviction, finding that the trial court's verbal admonishments reflected that a court-appointed attorney would be available to the defendant, even though it did not explicitly inform him that counsel was available for help preparing his postplea motions. *Id.* ¶ 51.

¶ 21    Additionally, in rejecting the defendant's argument, the court in *Dominguez* relied on two cases—*In re J.T.*, 221 Ill. 2d 338 (2006), and *People v. Dunn*, 342 Ill. App. 3d 872 (2003)—where admonishments that deviated from the language of Rule 605(c) were found to be sufficient to inform the defendant of his right to counsel and free transcripts. *Dominguez*, 2012 IL 111336, ¶¶ 48-51. In *J.T.*, the trial court admonished the defendant that he had the right to withdraw his guilty plea and that if his petition to do so was denied, the petition would go to a higher court for review; the court further admonished him that " 'if you go up on appeal and you are unable to hire an attorney to represent you, the Court will appoint an attorney for you free of charge. That's your right to have an attorney if you can't afford one.' " *J.T.*, 221 Ill. 2d at 342-43. The supreme court

found the admonishments "sufficient to put J.T. on notice that he could challenge his guilty plea, and that some action on his part within 30 days was necessary if he wished to appeal." *Id.* at 347-48.

¶ 22    Similarly, in *Dunn*, the trial court admonished the defendant of his right to appeal, that he had to " 'file a motion to withdraw [his] plea of guilty within 30 days'," and that, " '[i]f you couldn't afford an attorney or a copy of the transcript, those will be provided for you free of charge.' " *Dunn*, 342 Ill. App. 3d at 876. On appeal, the court found that the admonishments were sufficient, as they reflected "that a court-appointed attorney would be available for defendant"; despite the fact that "[t]he language used by the trial court was not the exact language employed by the rule," the court found that "the trial court's admonitions did convey the substance of the rule." *Id.* at 882.

¶ 23    *Dominguez* found the admonishment before it comparable to those in *J.T.* and *Dunn*, noting that, as in those cases, "the trial court arguably did not explicitly inform defendant that he was entitled to have an attorney appointed to help him prepare the postplea motions." *Dominguez*, 2012 IL 111336, ¶ 51. However, "as in both those cases, the admonitions reflect that a court-appointed attorney would be available for defendant." *Id.* The court therefore concluded that, as in *J.T.* and *Dunn*, "the trial court's admonitions did convey the substance of the rule to defendant and complied with Rule 605(c)." *Id.*

¶ 24    Adopting the guidance set forth in *Dominguez*, I find no appreciable differences between the oral admonishments provided in this case and those found sufficient in *Dominguez* and the cases on which it relied, *J.T.* and *Dunn*. Nothing in *Dominguez* suggests that, in order to comply with Rule 605(c), the trial court must make an explicit statement that counsel could be appointed

to assist specifically with postplea motions. Indeed, the supreme court upheld the admonishment in that case while expressly noting that the trial court's admonishment arguably did *not* contain such an explicit statement. *Id.* Thus, I would find that the trial court's admonishment complied with Rule 605(c), as it sufficiently placed defendant on notice that he had to file a postplea motion to withdraw his plea within 30 days and that counsel was available to him.

¶ 25   I disagree with the majority's contention that *Dominguez* is distinguishable where the defendant in that case was also provided with written admonishments. *Supra* ¶ 11. It is true that the *Dominguez* court found that the written admonishments could be relevant to the determination of whether the trial court had substantially complied with Rule 605(c). See *Dominguez*, 2012 IL 111336, ¶ 36. In its analysis concerning the admonishment at issue, the supreme court, however, discussed the admonishments given in *J.T.* and *Dunn*, then expressly found that, "like in [*J.T.* and *Dunn*], the trial court's admonitions did convey the substance of the rule to defendant and complied with Rule 605(c)." *Id.* ¶ 51. It was only after this finding that the supreme court noted that the written admonishment supplemented the oral admonishment and "specifically made it clear" that counsel was available to assist in preparing the postplea motions. *Id.* The supreme court's finding of substantial compliance was therefore reached before its consideration of the written admonishment, which merely strengthened its conclusion.[3]

---

[3]I also observe that this court has repeatedly rejected the notion that the supplemental written admonitions provided in *Dominguez* were the reason the supreme court found the trial court's admonitions sufficient. See *People v. Johnson*, 2021 IL App (1st) 191884-U, ¶ 24 ("a close reading of *Dominguez* indicates that, regardless of the written admonition form, our supreme court found the oral admonitions in that case were sufficient to inform defendant of his right to counsel, for purposes of Rule 605(c)"); *People v. John*, 2021 IL App (1st) 190135-U, ¶ 21 ("[In] *Dominguez*, *** our supreme court specifically compared the oral admonitions at issue favorably with those in *J.T.* and *Dunn*, before noting that, unlike those cases, the trial court issued supplemental written admonitions."); *People v. Aguirre*, 2022 IL App (2d) 200598-U, ¶ 16 (finding that the lack of a written waiver form did not meaningfully distinguish the case from *Dominguez*, which relied on both *J.T.* and *Dunn*).

¶ 26    I also find unpersuasive the majority's distinguishing the admonishments in *Dominguez* by counting the number of times the word "motion" was mentioned therein. *Supra* ¶ 11. There is no indication that this was part of the reasoning of the *Dominguez* court in finding the admonishments sufficient. As the supreme court itself stated, "the trial court arguably did not explicitly inform defendant that he was entitled to have an attorney appointed to help him prepare the postplea motions." *Dominguez*, 2012 IL 111336, ¶ 51. Indeed, the defendant in that case contended that "he was misinformed and misled by the circuit court when the court offered counsel only in the event the motions were denied." *Id.* ¶ 47. In other words, not even the parties or the *Dominguez* court suggested that "the trial court's admonishments emphasized the importance of filing a motion to vacate the guilty plea and encompassed that step in the 'purposes' for which counsel would be appointed." *Supra* ¶ 11. Instead, the supreme court found that "the admonitions reflect *that a court-appointed attorney would be available for defendant*. Thus, like in [*J.T.* and *Dunn*], the trial court's admonitions did convey the substance of the rule to defendant and complied with Rule 605(c)." (Emphasis added.) *Dominguez*, 2012 IL 111336, ¶ 51.

¶ 27    The majority additionally makes much of the fact that the trial court's admonishment in the instant case referenced the "appeals process," suggesting that this indicated that counsel would be appointed only if defendant filed an appeal. *Supra* ¶ 9. I find no merit to such a contention. First, as set forth above, in both *Dominguez* and *J.T.*, our supreme court found admonishments sufficient even where they arguably made similar references. See *Dominguez*, 2012 IL 111336, ¶ 46 (" 'In the event the motions are denied, you have 30 days from denial to return to file a notice of appeal [of] the Court's ruling. If you wish to do so and could not afford an attorney, we will give you an attorney free of charge, along with the transcripts necessary for those purposes.' ");

*J.T.*, 221 Ill. 2d at 342-43 (" 'if you go up on appeal and you are unable to hire an attorney to represent you, the Court will appoint an attorney for you free of charge' ").

¶ 28    Furthermore, in this case, the context of the trial court's use of the phrase quickly resolves any possible confusion. Specifically, the trial court's admonishment commenced by informing defendant that "you do have the right to appeal if within 30 days of today's date you file a written motion with the Clerk of the Circuit Court to withdraw your plea." The trial court's comment thus directly tied the filing of the motion to defendant's ability to file an appeal, thereby making clear that the filing of the motion was part of the "appeals process" to which the right to counsel applied. I therefore find no merit to the majority's claim that the use of the phrase was somehow inappropriate.

¶ 29    Finally, I find unnecessary the majority's reliance on unpublished appellate court decisions in support of its arguments (s*upra* ¶ 10), where the supreme court has already spoken on the matter. As explained above, I believe that our supreme court's guidance in *Dominguez*, as well as its approval therein of the admonishments provided in *J.T.* and *Dunn*, establishes that the admonishments in this case were sufficient to "impart to [the] defendant the essence or substance of the rule." *Dominguez*, 2012 IL 111336, ¶ 22.

¶ 30    In my view, the record demonstrates that the trial court substantially complied with Rule 605(c) when it admonished defendant of his right to appeal and the requirements he must follow to do so, including that he had to file a written motion withdrawing his guilty plea with the trial court within 30 days of sentencing, and that counsel was available to assist him in that appeal process. I therefore would dismiss the instant appeal for failure to file a postplea motion as required by Rule 604(d) and must accordingly respectfully dissent from the majority's decision.

*People v. Blackmon*, 2024 IL App (1st) 220586

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 21-DV-60992; the Hon. Tommy Brewer, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Douglas R. Hoff, Jessica D. Ware, and John R. Breffeilh, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Enrique Abraham and Margaret M. Smith, Assistant State's Attorneys, of counsel, and Amber Adams-Holecek, law school graduate), for the People. |