NOTICE
Decision filed 09/03/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 231253-U

NO. 5-23-1253

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) | Franklin County. |
| v. | ) | No. 21-CF-178 |
| JUSTIN D. KARNES, | ) | Honorable Thomas J. Tedeschi, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE BARBERIS delivered the judgment of the court.
Justices Moore and Sholar concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Where the defendant filed his motion to reconsider sentence in an untimely manner, and the circuit court's postsentencing admonitions did not contribute to the untimeliness, appointed appellate counsel is granted leave to withdraw, and the instant appeal is dismissed.

¶ 2    The defendant, Justin D. Karnes, is serving his sentence in the Illinois Department of Corrections. He pleaded guilty to one count of aggravated battery, a Class 2 felony, and he was subsequently sentenced, as a Class X offender, to 18 years of imprisonment. Thirty-three days after the circuit court pronounced sentence, the defendant filed a *pro se* motion to reconsider sentence. Neither the court nor the parties seemed to be aware of the untimeliness of the reconsideration motion. The court appointed postsentencing counsel for the defendant, and she filed an amended motion to reconsider sentence. The court denied that motion on the merits. The

1

defendant appealed. The Office of the State Appellate Defender (OSAD) was appointed to represent him on appeal. In this court, OSAD has filed a motion to withdraw as counsel based on the absence of any issue of arguable merit, along with a brief in support of that motion. See *Anders v. California*, 386 U.S. 738 (1967). OSAD served the defendant with proper notice of its *Anders* motion, and this court granted him time to file a *pro se* response to the motion, but the defendant has not filed with this court any type of response. Having reviewed OSAD's motion and brief, along with the entire record on appeal, this court agrees with OSAD, grants its motion, and dismisses this appeal.

¶ 3                                    BACKGROUND

¶ 4     The defendant was charged by information with five counts of aggravated battery, a Class 2 felony. See 720 ILCS 5/12-3.05(d)(4)(i), (h) (West 2020). In count IV, in particular, he was accused of kicking Jeremy Watkins, a peace officer, in the face.

¶ 5     The State filed a notice of its intention to seek the sentencing of the defendant as a Class X offender, based on his criminal history. According to the State, the defendant had a 2018 conviction for residential burglary, a Class 1 felony, and a 2017 conviction for burglary, a Class 2 felony. See 730 ILCS 5/5-4.5-95(b) (West 2020) (mandatory Class X sentencing). A public defender was appointed to represent the defendant.

¶ 6     On December 30, 2021, the defendant, his public defender, and the state's attorney appeared before the circuit court and announced the terms of a plea agreement. Under those terms, the defendant would plead guilty to count IV of the information, while the other four counts would be dismissed. There was no agreement on sentencing. The defendant indicated that those were the terms of the parties' agreement. The court admonished the defendant as to the nature of the offense and the possible penalties, including the possibility of mandatory Class X sentencing for 6 to 30

2

years of imprisonment, depending on the defendant's criminal history. The defendant indicated his understanding of the offense and of the possible sentences. The court admonished the defendant about his right to counsel, his right to plead guilty or not guilty, his right to a trial, his rights at trial, including his right to be confronted with the witnesses against him, the State's burden of proving guilt beyond a reasonable doubt, etc. The defendant indicated his understanding of these various rights and principles. In answer to the court's questioning, the defendant said that he understood that by pleading guilty, he would be waiving all of those rights. The court then questioned the defendant about the voluntary nature of his plea, and his answers showed that his plea was voluntary. The defendant signed a written plea of guilty. The defendant, in answer to the court's questioning, stated that he understood that a Class X sentence would be imposed if the court found a qualifying criminal history. The State presented a factual basis for the plea. The court found that the plea was knowing and voluntary, and that a factual basis existed. The court accepted the plea of guilty to count IV and dismissed the other four counts. Finally, the court directed the probation office to prepare a presentence investigation report, and it scheduled a sentencing hearing.

¶ 7       On February 17, 2022, the court held a sentencing hearing. No testimony or other evidence was presented, but the attorneys presented arguments. The court sentenced the defendant to 18 years in prison, 3 years of mandatory supervised release (MSR), and the payment of restitution.

¶ 8       The court then proceeded to advise the defendant about his appeal rights, pursuant to Illinois Supreme Court Rule 605(b) (eff. Oct. 1, 2001). Addressing the defendant, the court stated:

"[Y]ou do have the right to appeal. Prior to taking an appeal you must file in the trial court within 30 days of the date in which sentence is imposed a written motion asking to have the trial court reconsider the sentence or to have the judgment vacated and for leave to

3

withdraw your plea of guilty setting forth your grounds in the motion. If the motion is allowed the sentence will be modified or the plea of guilty, sentence and judgment will be vacated, and a trial date will be set on the charges to which the plea of guilty was made.

Upon the request of the State, any charges that may have been dismissed as part of a plea agreement will be reinstated and also set for trial.

If the motion to reconsider sentence or vacate the judgment is denied and you still wish to appeal, you must file your notice of appeal within 30 days of the date that the motion was denied. If you're indigent, in other words, if you can't afford it, a copy of the transcript of the proceedings at the time of the plea of guilty and sentence will be provided without cost to you, and counsel will be appointed to assist you with preparation of the motion.

And in any appeal taken from the judgment on the plea of guilty, any issue or claim of error not raised in the motion to reconsider sentence or to vacate the judgment and to withdraw your plea of guilty shall be deemed waived by the Appellate Court."

The court then asked the defendant whether he understood his appeal rights, and the defendant answered, "Yes, I do." The court asked him whether he had any questions about his appeal rights, and he answered, "No, Your Honor."

¶ 9 On March 2, 2022, the court entered a written judgment and sentence that reflected the sentence pronounced at the sentencing hearing on February 17, 2022, namely: 18 years of imprisonment, 3 years of MSR, and the payment of restitution. Approximately four weeks later, on March 29, 2022, a written amended judgment and sentence was entered. The amended judgment was identical to the original judgment, except that the term of MSR was reduced from 3 years to 18 months.

4

¶ 10    On March 22, 2022—33 days after the sentence was pronounced—the defendant's *pro se* motion to reconsider sentence was file-stamped by the clerk of the circuit court. This motion was signed by the defendant, and it indicated that "todays [*sic*] date" was "03-11-22." However, the motion did not indicate a date of mailing. The motion was not accompanied by any other document.

¶ 11    Delays followed. The court relieved the defendant's public defender of his appointment, and it appointed substitute counsel for the defendant.

¶ 12    On October 12, 2023, the defendant filed, by substitute counsel, a (second) motion to reconsider sentence. On November 16, 2023, the court held a hearing on that motion. No testimony or other evidence was presented. Defense counsel did not present argument, instead choosing to stand on her motion. The State briefly argued. The court denied the motion to reconsider sentence, on the merits. The court then advised the defendant about his appeal rights, just as it had done at the sentencing hearing on February 17, 2022. The defendant filed a notice of appeal. OSAD was appointed to represent him.

¶ 13                                    ANALYSIS

¶ 14    As previously noted, OSAD has concluded that the instant appeal lacks merit and, on that basis, has filed in this court an *Anders* motion to withdraw as counsel, along with a supporting brief. In that brief, OSAD suggests two potential issues in this appeal, namely, (1) whether this court must dismiss the instant appeal where the defendant did not file a motion to withdraw his guilty plea, and his *pro se* motion to reconsider sentence was filed in an untimely manner, and (2) whether the circuit court's admonitions included any erroneous information that would excuse the defendant's failure to file a timely postplea motion. The defendant has not responded to OSAD's motion. These two issues will be considered in turn.

¶ 15    In regard to the first potential issue, Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) provides, in pertinent part, as follows: "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged ***." The defendant was sentenced on February 17, 2022, and therefore, he had until March 19, 2022, to file his motion to reconsider sentence. However, the file stamp on the defendant's motion bears the date of March 22, 2022—three days beyond the filing deadline established by Rule 604(d). In addition, the "mailbox rule" does not provide the defendant with any grace. Even though the defendant was an incarcerated, self-represented litigant during the time preceding the filing deadline, he simply did not provide a certification that he had deposited the motion into the institutional mail by the filing deadline. See 735 ILCS 5/1-109 (West 2022); Ill. S. Ct. Rs. 12(b)(6), 373 (eff. July 1, 2017). Due to the untimeliness of the reconsideration motion, this court must dismiss the instant appeal.

¶ 16    In regard to the second potential issue, it must be remembered that a defendant's failure to file a timely postplea motion may be excused where the circuit court failed to give proper admonitions regarding the steps necessary to perfect an appeal. See, *e.g.*, *People v. Dunn*, 342 Ill. App. 3d 872, 883 (2003). Here, the court gave the defendant postsentencing admonitions pursuant to Illinois Supreme Court Rule 605 (eff. Oct. 1, 2001). In regard to Rule 605, the court must substantially advise the defendant of what is necessary for an appeal; the court need not read the rule aloud verbatim. *People v. Dominguez*, 2012 IL 111336, ¶¶ 16, 19. Here, the circuit court substantially advised the defendant of Rule 605's contents. In fact, the rule was read aloud almost verbatim to the defendant. See *supra*. The court's admonitions did not include any erroneous information that would excuse the defendant's failure to file a timely postplea motion.

6

¶ 17                              CONCLUSION

¶ 18    Having canvassed the entire record on appeal, this court cannot identify any issue of arguable merit. OSAD is granted leave to withdraw as counsel. This appeal is dismissed.


¶ 19    Motion granted; appeal dismissed.