NOTICE
This Order was filed under
Supreme Court Rule 23 and
is not precedent except in the
limited circumstances
allowed under Rule 23(e)(1).

2021 IL App (4th) 200523-U

NO. 4-20-0523

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 14, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Macon County |
| JOHNNIE L. MURPHY, | ) | No. 18CF782 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas E. Griffith Jr., |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices Cavanagh and Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court reversed and remanded, holding that the trial court failed to substantially comply with Illinois Supreme Court Rule 605(c) (eff. Oct. 2, 2001) by failing to admonish defendant that, if he was indigent, counsel would be appointed to assist him in preparing his postplea motions.

¶ 2    Defendant, Johnnie L. Murphy, appeals his conviction for attempted first degree murder. Defendant argues the matter should be remanded because the trial court failed to substantially comply with Illinois Supreme Court Rule 605(c) (eff. Oct. 2, 2001) after accepting his guilty plea. We reverse and remand.

¶ 3                                              I. BACKGROUND

¶ 4    Defendant was charged with attempted first degree murder (720 ILCS 5/8-4(a), (c)(1)(D), 9-1(a)(1) (West 2018)), aggravated battery with a firearm (*id.* § 12-3.05(e)(1)),

aggravated discharge of a firearm (*id.* § 24-1.2(a)(2)), unlawful possession of a weapon by a felon (*id.* § 24-1.1(a)), and aggravated unlawful use of a weapon (*id.* § 24-1.6(a)(1), (a)(3)(A-5)).

¶ 5        On June 18, 2019, defendant, while represented by an assistant public defender, pled guilty to attempted first degree murder pursuant to a fully negotiated plea agreement. The State agreed to amend the attempted first degree murder charge to remove a firearm enhancement and to recommend a sentence of 15 years' imprisonment. The State also agreed to dismiss the remaining charges. After admonishing defendant, the trial court accepted his guilty plea and sentenced him to 15 years' imprisonment. The court then admonished defendant as follows:

> "[Defendant], understand even though you've entered a plea of guilty, and I've gone along with the plea agreement that you still have the right to appeal. If you wish to appeal, within 30 days of today's date you'd have to file a written motion asking to withdraw your plea of guilty. In the motion you'd have to set forth any errors this Court made in accepting or going along with your plea agreement.
>
> If the errors are not set forth in the written motion, they're deemed to have been waived. The motion would then be set for hearing. At the hearing if the motion is granted, your plea and judgment would be vacated, the penalty would be vacated, any charges that were dismissed pursuant to your plea agreement could be reinstated, your case would be set for trial, and we'd start this process all over again.
>
> On the other hand, if the motion is denied, then within 30 days of that date you'd have to file your notice of appeal with our Clerk's Office, your case would be appealed to the appellate court in Springfield. If you're indigent, a transcript

would be prepared of all proceedings at no cost to yourself, and appellate counsel would be appointed to assist you in the appeal process."

¶ 6    On August 22, 2019, defendant, *pro se*, filed a motion to withdraw his guilty plea, alleging he received ineffective assistance of plea counsel. In the motion, defendant stated: "Do [*sic*] to being on lockdown in recieving [*sic*] in R & C I'm now able to address this time frame of this matter of withdraw of guilty on time."

¶ 7    At a status hearing, the trial court noted the motion to withdraw the guilty plea was untimely but directed the State to respond to it. The court indicated that such matters were often sent back on remand by the appellate court when a defendant alleged he had been on lockdown. A new attorney was appointed to represent defendant.

¶ 8    The State filed a response to the motion to withdraw the guilty plea, asserting that the motion to withdraw the plea was untimely. The trial court treated the State's response as a motion to strike defendant's motion to withdraw the plea, and the court denied the State's motion.

¶ 9    Defendant, through counsel, filed an amended motion to withdraw the guilty plea. The motion set forth various allegations of ineffective assistance of plea counsel and alleged defendant was confused at the time he pled guilty due to an injury from a gunshot wound. Counsel also filed a certificate of compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). The State filed a response to the amended motion, asserting defendant's plea was knowingly and voluntarily made.

¶ 10    Following a hearing, the trial court denied the amended motion to withdraw the guilty plea. This appeal followed.

¶ 11                                II. ANALYSIS

¶ 12    On appeal, defendant argues the matter should be remanded to the trial court for new postplea proceedings because the trial court failed to admonish him in substantial compliance with Rule 605(c). Illinois Supreme Court Rule 605(c) provides:

"In all cases in which a judgment is entered upon a negotiated plea of guilty, at the time of imposing sentence, the trial court shall advise the defendant substantially as follows:

(1) that the defendant has a right to appeal;

(2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;

(3) that if the motion is allowed, the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

(4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial;

(5) that if the defendant is indigent, a copy of the transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of the motions; and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to vacate the judgment and to

- 4 -

withdraw the plea of guilty shall be deemed waived." Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001).

¶ 13      Defendant argues the trial court failed to admonish him pursuant to Rule 605(c)(5) that, if he was indigent, he would be entitled to a court-appointed attorney and free transcripts to assist in the preparation of his postplea motion. Defendant contends the court's admonishments misleadingly limited the availability of appointed counsel and free transcripts to the appellate process.

¶ 14      Where, as in the instant case, a defendant fails to file a timely postplea motion pursuant to the requirements of Illinois Supreme Court Rule 604(d), the appellate court is generally precluded from reaching the merits of a subsequent appeal and must dismiss the appeal. See *People v. Flowers*, 208 Ill. 2d 291, 301 (2003). However, if the trial court fails to give the requisite admonitions under Rule 605(c) and the defendant attempts to appeal without filing a timely postplea motion, the appeal is not dismissed. *Id.* Instead, the matter is remanded to the trial court for proceedings consistent with Rule 605(c). *People v. Jamison*, 181 Ill. 2d 24, 29-30 (1998). This is because it would violate procedural due process rights to hold a defendant responsible for failing to comply with Rule 604(d) if he had not been admonished of the rule's requirements pursuant to Rule 605(c). *Flowers*, 208 Ill. 2d at 301; *People v. Foster*, 171 Ill. 2d 469, 473 (1996).

¶ 15      The trial court is required to strictly comply with Rule 605(c) in the sense that the admonitions must be given to a defendant who has pled guilty. *People v. Dominguez*, 2012 IL 111336, ¶ 11. However, a verbatim reading of the rule is not necessary. *Id.* Rather, a defendant must be substantially advised of the actual content of the rule. *Id.* That is, the trial court "must impart to a defendant largely that which is specified in the rule, or the rule's 'essence,' as

opposed to 'wholly' what is specified in the rule." *Id.* ¶ 19. We review *de novo* whether the trial court complied with Rule 605(c). *People v. Young*, 387 Ill. App. 3d 1126, 1127 (2009).

¶ 16 Here, the trial court's admonitions failed to substantially advise defendant of the actual content of Rule 605(c)(5)—namely, that if he was indigent, counsel would be appointed "to assist [him] *with the preparation of the [postplea] motions*." (Emphasis added.) Ill. S. Ct. R. 605(c)(5) (eff. Oct 1, 2001). Instead, the trial court only advised defendant that, in the event his postplea motion was denied and he filed a notice of appeal, "appellate counsel would be appointed to assist [him] in the appeal process." The court advising defendant he would receive appointed appellate counsel if he appealed after the denial of a postplea motion did not impart to defendant the "essence" of Rule 605(c)(5)—that he was also entitled to appointed counsel during postplea proceedings.

¶ 17 We reject the State's reliance on *People v. Dominguez*, 2012 IL 111336, in support of its position that the trial court substantially complied with Rule 605(c). In *Dominguez*, the trial court admonished the defendant concerning the necessity of filing a motion to withdraw his guilty plea and/or reconsider his sentence within 30 days in order to appeal. *Id.* ¶ 5. The court then stated: " 'In the event the motions are denied, you have 30 days from denial to return to file a notice of appeal the Court's ruling. If you wish to do so and could not afford an attorney, we will give you an attorney free of charge, along with the transcripts necessary for those purposes.' " *Id.* The defendant also signed a written document that recited Rule 605(c) verbatim except for one typographical error. *Id.* ¶ 6.

¶ 18 The *Dominguez* court held that, while the trial court "arguably did not explicitly inform [the] defendant that he was entitled to have an attorney appointed to help him prepare the postplea motions," it conveyed the substance of Rule 605(c) by reflecting that a court-appointed

attorney would be available for the defendant. *Id.* ¶ 51. The *Dominguez* court further noted that the written admonishment form, which supplemented the oral admonishments, clearly indicated that counsel could be appointed to help the defendant prepare his postplea motions. *Id.*

¶ 19 In the instant case, unlike *Dominguez*, it was not merely arguable that the trial court failed to explicitly inform defendant he was entitled to have a court appointed attorney help him prepare his postplea motions. Here, the trial court explicitly informed defendant that if his postplea motions were denied, he was entitled to *appellate counsel* to assist him in the *appeal process*. Unlike in *Dominguez*, this admonition did not arguably convey that appointed counsel would also be available to assist defendant in preparing postplea motions. Also, unlike in *Dominguez*, there were no written admonishments in this case to supplement the oral ones.

¶ 20 We also reject the State's reliance on *People v. Dunn*, 342 Ill. App. 3d 872 (2003). In *Dunn*, the trial court admonished the defendant as follows:

> " 'Sir, you have a right to appeal. Prior to doing that, you have to file a motion to withdraw your plea of guilty within 30 days in writing setting forth all the reasons why you want me to allow you to withdraw your plea of guilty. Any reasons not set forth in your motion will be waived for purposes of appeal. If you couldn't afford an attorney or a copy of the transcript, those will be provided for you free of charge. If I allow you to withdraw your plea of guilty, all charges will be reinstated.' " *Dunn*, 342 Ill. App. 3d at 876.

The defendant argued that the trial court failed to advise him that appointed counsel could help him draft postplea motions. *Id.* at 881. The *Dunn* court held that the language used by the trial court conveyed the substance of Rule 605(c)(5) by reflecting that a court-appointed attorney would be available for the defendant. *Id.* at 882.

¶ 21    While the trial court in *Dunn* did not explicitly advise the defendant that an attorney would be appointed to assist him in the preparation of his postplea motions, the court's admonition implied an attorney would be available to the defendant during postplea proceedings. In the instant case, on the other hand, no such inference can be drawn from the trial court's admonition. The trial court explicitly stated that *appellate* counsel would be appointed to assist defendant during the appeal process.

¶ 22    We also reject the State's argument that defendant's prior criminal history and the fact that he was represented by counsel at the time of the admonitions show he knew of the availability of postplea counsel. Substantial compliance with Rule 605(c) is required regardless of whether a defendant has previously been convicted of crimes or is represented by counsel. See *People v. Lloyd*, 338 Ill. App. 3d 379, 385 (2003) (holding that the trial court is required to admonish a defendant concerning his right to appointed counsel pursuant to Rule 605(c)(5) even when the defendant is represented by private counsel).

¶ 23    Finally, we reject the State's contention that any issue flowing from the deficient Rule 605(c) admonishments has been remedied because defendant ultimately received postplea counsel and filed an amended motion to withdraw the guilty plea. The trial court lacked jurisdiction to hold these proceedings, as defendant failed to file a postplea motion within 30 days of the judgment. See *People v. Bailey*, 2014 IL 115459, ¶ 8 ("Under our usual rules, a trial court loses jurisdiction to hear a cause at the end of the 30-day window following the entry of a final judgment.").

¶ 24                                III. CONCLUSION

¶ 25    For the reasons stated, we reverse and remand to the trial court for new postplea proceedings, including proper Rule 605(c) admonishments and the opportunity for defendant to file a new postplea motion.

¶ 26    Reversed and remanded.