NOTICE

Decision filed 02/04/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 220567-U

NO. 5-22-0567

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Macon County. |
| | ) | |
| v. | ) | No. 18-CF-782 |
| | ) | |
| JOHNNIE L. MURPHY, | ) | Honorable |
| | ) | Thomas E. Griffith Jr., |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Moore and Boie concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant's conviction for attempted first degree murder is affirmed where he failed to establish that remand counsel failed to comply with Illinois Supreme Court Rule 604(d).

¶ 2    Following a plea of guilty to the offense of attempted murder (720 ILCS 5/8-4(a), 9-1(a)(1) (West 2016)), pursuant to a fully negotiated plea, defendant was sentenced to 15 years' imprisonment in the Illinois Department of Corrections (IDOC). On appeal, defendant argues that remand counsel failed to strictly comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) in that she failed to supply affidavits or other evidence in support of the extra-record claims she included in the amended motion to withdraw defendant's guilty plea. He argues the case should be reversed and remanded so that he can withdraw his guilty plea and plead anew. For the following reasons, we affirm.

1

¶ 3                                  I. BACKGROUND

¶ 4    Moments before defendant's jury was to begin on June 18, 2019, defendant pled guilty to attempted murder and was sentenced to 15 years' imprisonment in IDOC pursuant to a fully negotiated plea agreement with the State. On August 22, 2019, defendant filed a *pro se* motion to withdraw his guilty plea. His motion alleged he received ineffective assistance of counsel because (1) plea counsel pressured defendant to take the plea offer from the State by stipulating that "she could not beat the case" and he would receive a life sentence in prison, (2) plea counsel failed "to file a motion of self-defense," and (3) plea counsel failed to investigate defendant's claim of self-defense. Defendant concluded the motion by stating, "Do [*sic*] to being on lockdown in receiving [*sic*] in R & C, I'm now able to address this time frame of this matter of withdraw of guilty on time." Although the *pro se* motion was filed more than 30 days after the plea, the trial court treated it as timely and appointed postplea counsel.

¶ 5    On January 30, 2020, postplea counsel filed an amended motion to withdraw guilty plea. It alleged plea counsel was ineffective because (1) she refused to investigate defendant's claim of self-defense, (2) she was unprepared for trial, and (3) she did not inform defendant of the State's plea offer until the day of trial which caused defendant to have insufficient time to consider the offer. The motion further alleged defendant was confused when he entered the plea due to the gunshot wound he sustained at the time of the offense. Postplea counsel did not attach any affidavits or other evidence to the amended motion.

¶ 6    The trial court conducted the hearing on the amended motion to withdraw guilty plea on October 13, 2020. Postplea counsel told the court, "We're going to stand on our motion," and presented no evidence.

¶ 7     The State called plea counsel to testify. Plea counsel testified that a self-defense claim was disclosed during discovery by previous counsel and she "was just continuing with that defense." However, after viewing "a video of the offense," plea counsel did not believe the defense to be viable. When questioned if she had "thoroughly investigated" the self-defense claim, plea counsel stated that defendant's wife, Nahkia Murphy, was the only witness she knew who would support the claim. Nahkia was willing to testify, but did not appear on the day of trial.

¶ 8     Plea counsel testified that she was prepared for trial. The parties "had been negotiating [a plea agreement] the week before trial began." She had been to see defendant "at least a couple of times *** in terms of negotiating a final offer." She "conveyed every offer" made by the State. Defendant was aware of the last plea offer from the State before the day of trial. That offer expired the Friday before trial. On the morning of trial, defendant "indicated he wanted to reopen negotiations."

¶ 9     Plea counsel further testified that she was aware of defendant's gunshot wound at the time of the plea as it "had been a longstanding injury" that occurred at the time of the offense for which he was charged and pled guilty. However, nothing about the injury caused her to believe defendant did not comprehend the plea proceedings.

¶ 10     On cross-examination, plea counsel testified that she did not have a good address for Nahkia, and did not know if a subpoena had been issued. However, Nahkia had been cooperating with her. The video of the incident for which defendant was charged showed six or seven people present. They were named in the police report. Plea counsel "had updated reports from them [(the State)]."

3

¶ 11   Plea counsel confirmed that she conveyed the final plea offer from the State to defendant the week before trial. She further confirmed defendant wanted to reopen negotiations the morning of trial.

¶ 12   Plea counsel stated that she did not look into obtaining medical evidence or having defendant examined to determine if defendant's gunshot wound would interfere with his ability to understand the plea proceedings because defendant gave no indication at the time of the plea that the wound "was causing issues." Plea counsel had previously represented defendant and she "didn't see any change in his character or his statements" from those previous representations.

¶ 13   At the close of the hearing, postplea counsel argued that the transcript of the plea hearing showed defendant was hesitant to take the plea. He further argued that when the trial court first asked defendant if he had sufficient time to discuss the offer with plea counsel, defendant indicated that he did not have sufficient time to consider it. Postplea counsel opined that the transcript further showed that after the trial court discussed the plea offer with defendant and asked if he agreed that the offer was straightforward, defendant did not respond to the court's question. Postplea counsel argued, "I think at that point in time, coupled with the fact that he has been shot in the neck, this was happening very quickly, maybe he should have been given a greater opportunity to consider the plea" and that "the prudent thing to do would be give him his plea back."

¶ 14   The State argued that the transcript at issue was in two parts. It argued the first part, to which postplea counsel referred, represented where defendant initially rejected the plea offer, while the second part occurred after the jury was brought into the courtroom and defendant stated that he wanted to accept the plea offer. The State asserted that defendant answered "Yes" when the court "point-blank" asked defendant if he had adequate time to discuss the decision to plead guilty with his attorney. The State further declared that defendant answered in the affirmative when

4

the court asked if he was entering the plea of his own free will and if plea counsel had answered all his questions.

¶ 15     The State averred that plea counsel's testimony revealed that she thoroughly investigated defendant's self-defense claim and was prepared to proceed to jury trial. It further averred that defendant's claim about being confused was belied by his acting normally at the time of the plea when the trial court had the opportunity to observe him.

¶ 16     The trial court denied defendant's amended motion to withdraw guilty plea. It stated plea counsel had filed three motions *in limine* and was very well prepared for other pretrial hearings. In addressing defendant's claim that he did not understand the plea proceedings, the trial court pointed out that defendant stated that he understood the terms of the proposed plea agreement and that he wanted to enter his plea of guilty. It further pointed out that defendant answered that he had adequate time to discuss his decision to plead guilty with his attorney.

¶ 17     Defendant appealed the denial of his motion to withdraw his guilty plea to the Fourth District Appellate Court, which found the motion was untimely and, thus, it lacked jurisdiction. *People v. Murphy*, 2021 IL App (4th) 200523-U, ¶ 23. The court also found the trial court did not substantially comply with Illinois Supreme Court Rule 605(c) (eff. Oct. 2, 2001) because it failed to admonish defendant that counsel would be appointed to assist him in preparing his postplea motions if he was indigent. *Id.* The Fourth District court remanded the case "for new postplea proceedings, including proper Rule 605(c) admonishments and the opportunity for defendant to file a new postplea motion." *Id.* ¶ 25.

¶ 18     On remand, defendant's remand counsel filed a new motion to withdraw guilty plea on May 25, 2022. The motion alleged defendant received ineffective assistance of counsel where plea counsel (1) refused to investigate a potential claim of self-defense, (2) appeared to be unprepared

5

for trial on June 18, 2019, and (3) "failed to inform" defendant "of the State's offer until the day of trial" and defendant "did not have adequate time to consider and process the offer." The motion further alleged defendant was "confused as to entering into the plea agreement" due to defendant having suffered "a gunshot injury to the neck at the time of the alleged offense" and that "injury left the Defendant in a state where he did not understand the consequences of the plea."

¶ 19    On July 18, 2022, remand counsel filed an affidavit in support of the new motion to withdraw guilty plea, which was signed and verified by defendant. It stated:

"1.   I am the Defendant in this cause.

2.   That previously appointed counsel, [plea counsel], did not listen to my version of events while representing me.

3.   That my wife, Nakhia Murphy was given the wrong court date and therefore did not appear on June 18, 2019.

4.   That my attorney never subpoenaed Nakhia Murphy with the correct court date.

5.   That I did not know about the offer until appearing for trial on June 18, 2019.

6.   That I sustained a gunshot wound to the neck at the time of the alleged offense.

7.   That the bullet still remains in my neck.

8.   That on June 18, 2019, I was not in the right state-of-mind to enter into a plea as I was suffering from pain of the gunshot wound and I was not given medication to alleviate such pain.

9.   That I complained about the pain to [plea counsel] on June 18, 2019.

10.  That I did not knowingly and voluntarily enter into the plea agreement on June 18, 2019."

6

¶ 20    On July 26, 2022, remand counsel filed a facially compliant Rule 604(d) certificate. Specifically, remand counsel certified as follows:

"(1) I have consulted with the Petitioner by phone, mail, electronic means or in person to ascertain his contentions of error in the entry of the plea of guilty and in the sentence; (2) I have examined the trial court file and report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing; and (3) I have made any amendments to the motion necessary for the adequate presentation of any defects in those proceedings."

¶ 21    On August 18, 2022, the State filed its response to defendant's motion to withdraw guilty plea. It attached as exhibits the transcript from the October 13, 2020, hearing on the amended motion to withdraw guilty plea as well as the June 18, 2019, transcript from defendant's guilty plea hearing.

¶ 22    At the hearing on the new motion to withdraw guilty plea on August 25, 2022, the circuit court stated that it recalled the case and had carefully reviewed the pleadings. When asked by the circuit court if remand counsel wished to present any evidence, she stated, "No, Judge. I would simply stand on the motion and affidavit in support of the motion to withdraw [guilty plea]."

¶ 23    The State called plea counsel to testify. Plea counsel testified that she represented defendant when he pleaded guilty on June 18, 2019. The claim of self-defense was disclosed in discovery by prior defense counsel and, "I had adopted that with a plan to go forward. *** That was our central defense for trial." Plea counsel was "absolutely" prepared to argue self-defense had the case proceeded to trial. However, she did not believe the self-defense claim would be successful. Plea counsel reviewed a video of the incident, and it showed, *inter alia*, that defendant or someone in his vehicle fired a firearm first, and that shots were then returned by the other parties.

7

Witnesses, including the victim and defendant's codefendant, were going to testify that defendant fired his gun first.

¶ 24 In addition to defendant, plea counsel planned to call Nahkia Murphy to testify had the case gone to trial. Nahkia's testimony would have supported that defendant acted in self-defense, but the State would have likely impeached her testimony with what she initially reported to police. Plea counsel informed Nahkia of the jury trial date. She and Nahkia spoke "a couple of times over the phone, and she [(Nahkia)] was prepared to be present on the day that we were going to need her." However, plea counsel did not ask Nahkia to be present on the first day of trial because the defense's case would not immediately be presented. Therefore, plea counsel did not expect Nahkia to be present on that day.

¶ 25 Plea counsel was prepared to proceed to trial. She had filed a number of motions *in limine* and engaged in plea negotiations. She discussed all plea offers with defendant. Plea counsel conveyed the State's final offer to defendant as soon as she got it, no later than the day before trial. She conveyed the offer quickly as the State had reduced it from 25 years' imprisonment to 15 years' imprisonment. Plea counsel and defendant went over the details of the offer twice on the day before trial. Initially, defendant rejected the offer. However, as the "jurors were about to come up," the defendant "asked if the offer would still be available."

¶ 26 Plea counsel was aware at the time of the plea that defendant had been injured when the offense occurred over a year prior. She represented defendant in other cases before this case. At the time of the plea, defendant did not complain of being in pain and plea counsel did not observe defendant acting any differently than he had acted on previous occasions when she represented him.

8

¶ 27　On cross-examination by remand counsel, plea counsel testified that she spoke to a few people who were at the scene of the shooting incident. The victim did not want to speak with the defense and plea counsel was unable to speak with defendant's codefendant as he was represented by counsel. Plea counsel affirmed that she was aware that defendant had been shot. She conceded that defendant may not have been on pain medication at the time of the plea.

¶ 28　Remand counsel argued, *inter alia*, that defendant was not given "adequate time to weigh all of the facts involved in this case" and the case was complicated as it involved a charge of "attempt murder with a firearm enhancement with a self-defense claim." Remand counsel argued defendant "has a gunshot wound to his neck where he is in pain during this time. He is unable to think clearly, unable to decipher whether this is in his best interest or not, and unable to decipher if a self-defense claim is the best way to go on this." She averred that because defendant had been shot, it was clear that another gun was present at the time of the incident. Counsel stated, "There is the opportunity for a self-defense claim, and we would ask the Court to grant this Motion to Withdraw Guilty Plea and let the case proceed."

¶ 29　The State pointed out that the transcript of the jury trial/guilty plea hearing was in two parts. It argued the transcript was clear that defendant, after his initial indication that he had not had adequate time to discuss the offer with plea counsel, came back after the recess and stated that he understood what was occurring, had adequate time to discuss his decision to plead guilty with plea counsel, entered into the plea agreement of his own free will, and plea counsel had answered all of his questions.

¶ 30　The State argued plea counsel's testimony was clear that she thoroughly investigated defendant's self-defense claim and was prepared to present it at trial. The State averred that defendant's gunshot injury from the shooting a year before trial did not make his plea unknowing

9

or involuntary. It argued that the trial court had the opportunity to witness the defendant's demeanor in court. It further argued that the trial court thoroughly admonished defendant and defendant answered the trial court's questions clearly and with specificity. The State opined that plea counsel represented defendant prior to this case and found his demeanor and ability to assist in his defense unchanged from those prior representations. The State asked the trial court to take judicial notice of the transcript of the prior hearing on the amended motion to withdraw guilty plea which was attached to the State's response to the motion to withdraw guilty plea.

¶ 31 At the conclusion of arguments, the circuit court stated that it considered the pleadings, the transcripts, the sworn testimony, and statements of counsel. It found that defendant was carefully admonished by the trial court's review of the pretrial checklist with him and again admonished at the time of the plea. The circuit court further found that plea counsel "had certainly prepared her case." Defendant's motion was denied. The circuit court then admonished defendant of his appeal rights. Defendant now appeals.

¶ 32                                        II. ANALYSIS

¶ 33 On appeal, defendant argues that remand counsel did not strictly comply with Illinois Supreme Rule 604(d). He avers the record refutes remand counsel's facially valid certification of compliance with the rule due to remand counsel's failure to supply an affidavit or other evidence in support of certain extra-record claims she included in the motion to withdraw defendant's guilty plea. Defendant argues that remand counsel did not support, with affidavit or other evidence, the non-record claims that (1) plea counsel was ineffective due to her "[r]efusal to investigate a potential claim of Self-Defense asserted to" her by defendant and (2) defendant was not fit to enter into the plea because of his gunshot injury. He further argues remand counsel did not provide

10

evidence at the hearing on remand and could not rely on the evidence presented at the prior motion to withdraw guilty plea hearing that occurred before remand.

¶ 34    The State argues that only defendant's affidavit was required. It avers that defendant's claims were part of the record, as they were fully developed at the previous hearing on the amended motion to withdraw guilty plea, filed by postplea counsel, at which plea counsel testified regarding each of defendant's claims. It further argues the claims in remand counsel's motion to withdraw guilty plea were the same as the claims in the amended motion to withdraw guilty plea filed by postplea counsel.

¶ 35    "Whether counsel complied with Rule 604(d) is a legal question that we review *de novo*." *People v. Gorss*, 2022 IL 126464, ¶ 10. In pertinent part, Rule 604(d) provides:

> "No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment. ***
>
> The motion shall be in writing and shall state the grounds therefor. When the motion is based on facts that do not appear of record it shall be supported by affidavit unless the defendant is filing the motion *pro se* from a correctional institution, in which case the defendant may submit, in lieu of an affidavit, a certification as provided in section 1-109 of the Code of Civil Procedure (735 ILCS 5/1-109). ***
>
> *** The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, or electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any

11

amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 36     Our supreme court "has held that counsel must strictly comply with 'each of the provisions of Rule 604(d)' and that the failure to do so requires 'a remand to the circuit court for the filing of a new motion to withdraw guilty plea or to reconsider sentence and a new hearing on the motion.' " *Gorss*, 2022 IL 126464, ¶ 19 (quoting *People v. Janes*, 158 Ill. 2d 27, 33 (1994)). We may consult the record to determine whether counsel has fulfilled his or her obligations under Rule 604(d) even though counsel has filed a facially valid certificate of compliance. *People v. Bridges*, 2017 IL App (2d) 150718, ¶ 8; see *People v. Curtis*, 2021 IL App (4th) 190658, ¶ 36. Here, the parties agree that counsel filed a facially valid certificate of compliance on July 26, 2022. We now look to the record to determine whether counsel fulfilled her obligations.

¶ 37     As an initial matter, while defendant argues that remand counsel could not rely on the previous hearing on the amended motion to withdraw guilty plea, we do not find that argument availing. We can determine whether remand counsel complied with Rule 604(d) by looking to the record of the hearing on remand.

¶ 38     In this case, while remand counsel did not file any affidavits other than that of defendant in support of the motion to withdraw guilty plea, said affidavit was attested to and signed by defendant and addressed each of defendant's claims. While remand counsel did not call any witnesses at the hearing on remand, she did cross-examine plea counsel at length. She also provided arguments in support of the motion. During the hearing on defendant's motion on remand, the circuit court was presented with evidence from which it could consider all of defendant's allegations of ineffective assistance of counsel arising outside the record. This evidence included defendant's affidavit as well as plea counsel's testimony.

12

¶ 39　Plea counsel testified at the hearing on remand that she had considered defendant's self-defense claim and planned to proceed on it had the case gone to trial. She testified that she spoke to Nahkia in preparation for trial and that Nahkia's and defendant's stories would have supported a self-defense claim, but the prosecution would likely impeach Nahkia with her initial statement to police. She also testified that she did not expect Nahkia to be present the first day of trial. Plea counsel testified that defendant acted no differently with the gunshot wound than he had in past encounters with plea counsel.

¶ 40　While defendant makes a blanket allegation that remand counsel should have obtained medical evidence to support the motion to withdraw plea on remand, he has pointed to no such evidence that remand counsel could have included beyond defendant's own affidavit. Looking to the record, we find the record does not refute remand counsel's Rule 604(d) certificate of compliance and find she complied with the rule.

¶ 41　　　　　　　　　　　III. CONCLUSION

¶ 42　Remand counsel complied with Rule 604(d). We therefore affirm the circuit court.


¶ 43　Affirmed.