NOTICE

Decision filed 01/20/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 231272-U

NO. 5-23-1272

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Champaign County. |
| | ) | |
| v. | ) | No. 20-CF-499 |
| | ) | |
| DEMETRIUS D. WADE, | ) | Honorable |
| | ) | Roger B. Webber, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE BOIE delivered the judgment of the court.
Justices Vaughan and Sholar concurred in the judgment.

**ORDER**

¶ 1    *Held*: We reverse the judgment of the trial court denying the defendant's motion to withdraw his guilty plea where the trial court failed to properly admonish the defendant that counsel could be appointed to assist him in preparing his postplea motions.

¶ 2    The defendant, Demetrius D. Wade, appeals his conviction for criminal sexual abuse (720 ILCS 5/11-1.50(a)(2) (West 2018)). He argues that this matter should be remanded for postplea proceedings because the trial court failed to substantially comply with Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001) after accepting the defendant's guilty plea. The defendant also argues that the trial court failed to admonish him pursuant to Illinois Supreme Court Rule 401(a) (eff. July 1, 1984) after the defendant engaged private counsel but then, ultimately, proceeded *pro se*. For

1

the following reasons, we reverse the trial court's order denying the defendant's motion to withdraw his guilty plea and remand for further postplea proceedings.

¶ 3                                    I. BACKGROUND

¶ 4      The defendant was initially charged by information, filed on May 8, 2020, with one count of criminal sexual assault in violation of section 11-1.20(a)(4) of the Criminal Code of 2012 (720 ILCS 5/11-1.20(a)(4) (West 2018)). The State filed additional informations on November 20, 2020, and June 28, 2021, charging three more counts of criminal sexual assault (*id.*); three counts of aggravated criminal sexual assault (*id.* § 11-1.30(c)); and four counts of aggravated criminal sexual abuse (*id.* § 11-1.60(e), (f)). The State filed another information on May 22, 2023, charging an additional count of criminal sexual abuse (*id.* § 11-1.50(a)(2)). On that same day, the defendant, appearing *pro se*, pled guilty to count 12, which was the only charge included in the May 22, 2023, information. Count 12 charged the defendant with criminal sexual abuse (*id.*), a Class 4 felony, and alleged that on or about November 1, 2019, through December 15, 2019, the defendant, knowing that the victim was unable to give knowing consent, committed an act of sexual conduct with the victim in that the defendant intentionally touched her for the purpose of the sexual gratification of the defendant.

¶ 5      Pursuant to a fully negotiated plea agreement, the State agreed to dismiss all other counts and to recommend a sentence of 30 months' probation. The State also agreed to dismiss three pending cases involving the defendant, and to decline to charge a pending matter alleged to have occurred in the county jail in March 2023. After admonishing the defendant regarding his plea, the trial court accepted his guilty plea and sentenced him to 30 months' probation. The trial court then admonished the defendant regarding his postplea rights pursuant to the following exchange:

"THE COURT: The last thing we need to go over is your right to appeal. Even though you have pled guilty pursuant to a plea agreement and been sentenced to exactly what you agreed to, you do still have the right to appeal.

That right to appeal includes the right to request that our Circuit Clerk prepare and file a notice of appeal on your behalf. However, in this case because it was a negotiated plea agreement, before you can take an appeal, you would have to file a written motion in this court within 30 days of today.

In the written motion, you must ask the court to vacate the judgment that was just entered and to grant you leave, which means permission, to withdraw or take back your plea of guilty. In that motion, should you file one, you must set forth all of your grounds or reasons for the motion. And any issues or claims of error that are not included in that motion will be considered waived which means given up. If that motion was allowed, your plea of guilty, sentence, and judgment would be vacated and the charge to which you had pleaded guilty would be set for trial.

Upon the State's request, any charges that were dismissed as part of the plea agreement would be reinstated and they would also be set for trial. If you are unable to afford an attorney to assist you on appeal, an attorney would be appointed for you free of charge.

If you are unable to afford a written transcript of the proceedings on your case, a copy of the transcript of the proceedings at the time of your plea and sentence would be provided for you free of charge.

Do you believe you understand all of your appellate rights?

[DEFENDANT]: Yes, Judge.

3

THE COURT: Do you have any questions at all about any of those rights or how they apply in your case?

[DEFENDANT]: No, Judge.

THE COURT: We'll show the defendant is advised of his appellate rights pursuant to Supreme Court Rule 605 and he indicates that he understands the same."

¶ 6       On June 5, 2023, the defendant, *pro se*, filed a motion to withdraw his guilty plea, alleging that the victim was 17 years old at the time of the incident and that the incident did not occur. The defendant further alleged that the charging document was fatally defective in that it failed to state an offense because the victim's age was not stated and there was no allegation that the defendant was in a position of trust, authority, or supervision. The defendant filed an amended motion to withdraw his guilty plea, *pro se*, on August 21, 2023, wherein he restated the foregoing and further alleged that his plea was not intelligently made because the State told the defendant that the guilty plea would not affect where he could live, work, or be present. He again asserted his innocence and explained that his misapprehension of the law justified allowing the withdrawal of his guilty plea, especially where, he alleged, there was no physical evidence, and there was both exculpatory evidence and prosecutorial misconduct.

¶ 7       The defendant filed two subpoenas in connection with his motion to withdraw his guilty plea, and the State filed a motion to quash the subpoenas on August 25, 2023. A hearing on the State's motion occurred on September 8, 2023. At the hearing, the defendant first asked the trial court to continue the hearing, stating that he had an agreement with private counsel to represent him, but that counsel could not appear on that day. The trial court denied the motion to continue the hearing because the subpoenaed witnesses needed to know if they were required to appear for

4

the hearing on the motion to withdraw the defendant's guilty plea which was set for September 29, 2023.

¶ 8    The trial court then heard arguments from both parties. The defendant stated that one of the subpoenaed witnesses would testify as to her medical examination of the victim. He stated that the other subpoenaed witness would testify that the victim was 17 years old at the time of the alleged incident and would testify as to her cognitive abilities. The trial court did not agree that the witnesses would be relevant for purposes of a motion to withdraw a guilty plea and granted the State's motion to quash the subpoenas. The trial court also directed the defendant to inform private counsel that the defense would be expected to proceed with the hearing on the motion to withdraw the defendant's guilty plea on the day it was scheduled, September 29, 2023. The State then noted that the defendant had filed an affidavit in support of appointment of an attorney. The trial court stated that it understood that the defendant had filed the affidavit for purposes of obtaining a transcript and that the defendant did not want an attorney appointed. The defendant confirmed that he did not want an attorney appointed.

¶ 9    The defendant filed a second amended motion to withdraw his guilty plea, *pro se*, on September 18, 2023. The second amended motion re-alleged the prior allegations and further alleged that at the time of his guilty plea, the defendant feared for his life because the jail staff had allowed him to be assaulted by other inmates, disseminated information regarding his charges, assaulted him twice, and abused his rights. The defendant alleged that these acts, as well as additional actions by the State, were done to coerce him into a guilty plea. The defendant further alleged that the victim in the case did not possess the requisite mental impairment to be a victim of criminal sexual abuse and again emphasized that he possessed exculpatory evidence and was innocent.

¶ 10    The hearing on the defendant's motion to withdraw his guilty plea occurred on September 29, 2023. At the start of the hearing, the trial court inquired as to whether private counsel would be appearing for the defendant. The defendant stated that private counsel was unable to be present for the hearing. The defendant further explained that he had not yet paid any funds to retain private counsel because the defendant had been informed that payment would not be due until private counsel appeared in court. The following exchange then occurred:

"THE COURT: He told you that you didn't need to pay him because he couldn't be here?

[DEFENDANT]: Until he was able to appear.

THE COURT: Okay. We may or may not have covered this last time, but you are entitled to have an appointed counsel if you cannot afford to hire an attorney on this motion. I don't recall if we discussed that last time, but we may have in the context of you had filed an affidavit in support of an application for appointed counsel. But I thought that it was only intended to show that you were indigent for purposes of providing transcripts. Was that accurate?

[DEFENDANT]: Yes, that was accurate.

THE COURT: Okay. And you do not want me to appoint an attorney to represent you?

[DEFENDANT]: If I don't get an appointed attorney, will I have to proceed today?

THE COURT: That's not my question. My question is do you want me to appoint an attorney?

[DEFENDANT]: No.

THE COURT: All right. You've indicated your attorney couldn't be here today, but he didn't even file an entry of appearance as far as I can tell which may or may not have entitled him to get a continuance. Are you telling me that you do have an agreement for an attorney to represent you with respect to this case, or you were still negotiating?

[DEFENDANT]: No, I do—we have an agreement in place and he just—it was—

THE COURT: Then why hasn't he at least filed a written entry of appearance on a motion to get a new court date from today?

[DEFENDANT]: I can't answer that for you, Judge."

¶ 11     After establishing the identity of the private counsel that the defendant had been speaking to, the following additional exchange occurred:

"THE COURT: Okay. And you told him after our last hearing that you wanted him to file a written entry of appearance?

[DEFENDANT]: Yes, but he told me—and he doesn't think he'll have a window to get down here with his schedule, so we can proceed without him. I'll do it myself.

THE COURT: All right. So are you asking for a continuance—

[DEFENDANT]: Nope.

THE COURT: —to get him here, or are you telling me he doesn't have a window, so he's not gonna be able to help and let's go?

[DEFENDANT]: Let's go.

THE COURT: All right."

¶ 12    The trial court then conducted a hearing on the defendant's motion to withdraw his guilty plea. The defendant was permitted to amend his motion by interlineation to include additional grounds for relief, specifically that the arrest warrant issued in the case did not include an affidavit in support of the motion for the arrest warrant. The trial court heard arguments from the parties and denied the defendant's motion to withdraw his guilty plea. That same day, the defendant filed a motion to reconsider the denial of his motion to withdraw his guilty plea, which was later denied. This appeal followed.

¶ 13                                    II. ANALYSIS

¶ 14    On appeal, the defendant argues that this matter should be remanded to the trial court for new postplea proceedings because the trial court failed to admonish him of his right to an attorney to assist with a motion to withdraw his guilty plea in substantial compliance with Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001). Rule 605(c) provides as follows:

> "(c) On Judgment and Sentence Entered on a Negotiated Plea of Guilty. In all cases in which a judgment is entered upon a negotiated plea of guilty, at the time of imposing sentence, the trial court shall advise the defendant substantially as follows:
>
>> (1) that the defendant has a right to appeal;
>>
>> (2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;

(3) that if the motion is allowed, the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

(4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial;

(5) that if the defendant is indigent, a copy of the transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of the motions; and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to vacate the judgment and to withdraw the plea of guilty shall be deemed waived.

For the purposes of this rule, a negotiated plea is one in which the prosecution has bound itself to recommend a specific sentence, or a specific range of sentence, or where the prosecution has made concessions relating to the sentence to be imposed and not merely to the charge or charges then pending." Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001).

¶ 15    The defendant argues that the trial court's admonishment at the defendant's guilty plea, where the trial court stated, "If you are unable to afford an attorney to assist you on appeal, an attorney would be appointed for you free of charge," explicitly tied the right to appointed counsel to an appeal. The defendant argues that the trial court failed to admonish the defendant pursuant to Rule 605(c)(5) that, if he was indigent, he would be entitled to a court-appointed attorney to

9

assist in the preparation of a postplea motion as well. The defendant argues that because the admonishment failed to impart the essence of the rule, specifically that he was entitled to counsel to assist with the postplea motion, there was no substantial compliance with the rule.

¶ 16     The trial court is required to strictly comply with Rule 605(c) insofar as it must give the admonishments to a defendant who has pled guilty. *People v. Dominguez*, 2012 IL 111336, ¶ 11. However, a verbatim reading of the rule is not necessary. *Id.* Rather, a defendant must be substantially advised of the actual content of the rule. *Id.* That is, the trial court "must impart to a defendant largely that which is specified in the rule, or the rule's 'essence,' as opposed to 'wholly' what is specified in the rule." *Id.* ¶ 19. When the trial court has not properly given the Rule 605(c) admonishments, the cause must be remanded for new postplea proceedings. *People v. Flowers*, 208 Ill. 2d 291, 301 (2003); *People v. Perry*, 2014 IL App (1st) 122584, ¶¶ 15-16, 25. We review *de novo* whether the trial court complied with Rule 605(c). *People v. Young*, 387 Ill. App. 3d 1126, 1127 (2009).

¶ 17     The defendant relies on *People v. Murphy*, 2021 IL App (4th) 200523-U, as persuasive authority for remand in this case. In *Murphy*, the trial court's only admonishment concerning counsel was that " 'appellate counsel would be appointed to assist [the defendant] in the appeal process.' " *Id.* ¶ 5. The reviewing court found that this was not substantial compliance, stating that "[t]he court advising defendant he would receive appointed appellate counsel if he appealed after the denial of a postplea motion did not impart to defendant the 'essence' of Rule 605(c)(5)—that he was also entitled to appointed counsel during postplea proceedings." *Id.* ¶ 16. Because the trial court had only informed the defendant of his right to appellate counsel, not the right to postplea counsel, the reviewing court remanded for new Rule 605(c) admonishments and the chance to file a postplea motion. *Id.* ¶ 25. The defendant argues that the admonishment given in this case, as in

*Murphy*, tied the right to counsel to an appeal, and therefore remand is necessary for proper admonishment and new postplea proceedings.

¶ 18    The State, conversely, urges this court to find that the admonishments given here were substantially compliant with Rule 605(c), arguing that this case and *Dominguez*, 2012 IL 111336, are "incredibly similar." In *Dominguez*, the reviewing court found that the trial court had substantially advised the defendant of the substance of Rule 605(c) where it referred to the requisite postplea motions five times in its oral admonishments, informed the defendant that an attorney could be appointed for " 'those purposes,' " and supplemented the oral admonishments with a written copy of the rule. *Id.* ¶ 51.

¶ 19    We find the facts in this case distinguishable from those in *Dominguez*. Here, the trial court stated that counsel would be available to assist the defendant "on appeal," whereas in *Dominguez*, the requisite postplea motions were mentioned five times, and then the defendant was told counsel would be provided for " 'those purposes.' " *Id.* This case is more similar to *Murphy*, where the trial court specifically tied the appointment of counsel to an appeal, and to *People v. Blackmon*, 2024 IL App (1st) 220586, ¶¶ 4, 9 (holding that admonishment was insufficient where the trial court linked the defendant's right to an attorney to an appeal when the trial court stated that it would appoint an attorney " 'to help with the appeal process' "). The State, however, further urges us to follow the dissent in *Blackmon*, which argued that there was no appreciable difference between the admonishments given in that case and *Murphy*, versus other admonishments that had been found sufficient in *Dominguez* and two other cases, *People v. Dunn*, 342 Ill. App. 3d 872 (2003), and *In re J.T.*, 221 Ill. 2d 338 (2006). *Blackmon*, 2024 IL App (1st) 220586, ¶ 24 (Reyes, P.J., dissenting). We decline to do so.

11

¶ 20    First, similar to the admonishment in *Dominguez*, the admonishment in *Dunn* included a general statement that an attorney could be appointed free of charge. *Dunn*, 342 Ill. App. 3d at 876. Neither the *Dominguez* nor the *Dunn* admonishments specifically tied the appointment of counsel to an appeal, and so the defendants in those cases arguably had been informed that an attorney was generally available to assist with all of the listed steps necessary to preserve the right to appeal. In this case, however, as in *Murphy* and *Blackmon*, the trial court's admonishment specifically linked the right to counsel to an appeal. *Murphy*, 2021 IL App (4th) 200523-U; *Blackmon*, 2024 IL App (1st) 220586.

¶ 21    Further, while the admonishment in *J.T.* also linked the right to counsel to an eventual appeal, the delinquent minor in that case *had* been properly admonished of the steps he would need to take within 30 days to preserve his right to appeal, and he did not take any of those steps until his probation was revoked around a year later. *J.T.*, 221 Ill. 2d at 347-48. The supreme court found that he was not prejudiced or denied fundamental fairness when he did not have counsel to assist him in taking postplea steps because he never took those steps. *Id.* The delinquent minor was in the same position as any other defendant who did not appeal. *Id.* The instant case is distinguishable where the defendant did indeed file a motion to withdraw his guilty plea within 30 days, and so failure to admonish him that he could have received assistance from counsel for that purpose had significant consequences for him.

¶ 22    We agree with the defendant that the trial court's admonishments failed to substantially advise the defendant of the actual content of Rule 605(c)(5)—specifically, that if he was indigent, counsel would be appointed "to assist [him] with the preparation of the [postplea] motions." Ill. S. Ct. R. 605(c)(5) (eff. Oct. 1, 2001). When the trial court stated, "If you are unable to afford an attorney to assist you on appeal, an attorney would be appointed for you free of charge," it

12

explicitly tied the appointment of an attorney to an appeal, and the defendant could not have reasonably inferred that this meant he could also receive assistance at the motion stage of the process.

¶ 23    We note that at the hearing on the motion to withdraw the guilty plea, the trial court stated to the defendant, "We may or may not have covered this last time, but you are entitled to have an appointed counsel if you cannot afford to hire an attorney on this motion." This statement to the defendant by the trial court, however, did not cure the prejudice to the defendant caused by failing to admonish him of his right to postplea counsel "at the time of imposing sentence" as required by the rule. First, the trial court quashed the defendant's subpoenas for witnesses at the September 8, 2023, hearing. He did not receive the additional information regarding his right to counsel until the hearing on the motion to withdraw the guilty plea on September 29, 2023, and so he did not have the benefit of the admonishment while drafting his postplea motion or at the hearing on the motion to quash the subpoenas. As stated, those subpoenas were quashed and the defendant was not able to subpoena his witnesses for the hearing on the motion to withdraw the guilty plea.

¶ 24    Further, at the hearing on the motion to withdraw the guilty plea, when the defendant was informed that he was entitled to counsel for purposes of the motion, the defendant asked whether his case could be continued. Rather than answer him, the trial court directed him to answer the question regarding whether he wanted an attorney appointed. Given the tardiness of the admonishment, requiring the defendant to immediately choose how he wanted to proceed, without informing him that the case could be continued, put him in a different position than other properly admonished defendants who would have had 30 days after being admonished to determine how to proceed.

13

¶ 25    We also note that "admonishment is most effective at [a] time[ ] when the defendant is also being informed of other significant protections." *People v. Garner*, 147 Ill. 2d 467, 481 (1992). In this case, the trial court gave most of the Rule 605(c) admonishments at the time of sentencing. The additional admonishment regarding the right to postplea counsel at the motion hearing was given separately, approximately four months later, and while it informed the defendant that he had a right to counsel at that motion hearing, it failed to inform the defendant that he had a right to assistance with the preparation of the motion and at the earlier hearing on the motion to quash his subpoenas. Under these facts, the later admonishment regarding the right to counsel failed to fully inform the defendant of his rights and put the defendant in a different position than other defendants who had pled guilty and attempted to withdraw their plea and appeal. See *People v. Vaughn*, 200 Ill. App. 3d 765, 766, 771 (1990) (holding that when the trial court failed to admonish the defendant of his right to postplea counsel at the time of plea, but did inform the defendant of the right later at the hearing on the postplea motion, the defendant did not receive an attorney's assistance in preparing his motion and accompanying affidavit, and therefore was operating at a great disadvantage that was inadequate to protect his rights). The defendant did not have the benefit of an attorney, or admonishment of his right to same, to assist him in his preparation of the motion to withdraw the guilty plea or at the hearing on the motion to quash his subpoenas, and so the later admonishment failed to correct the error.

¶ 26    We find that the trial court erred when it provided the defendant with an admonishment that limited the right to counsel for the defendant to assistance "on appeal," and failed to correct the error at the hearing on the motion to withdraw the defendant's guilty plea when it again did not give an adequate admonishment and did not continue the hearing. Accordingly, we reverse the order of the trial court denying the defendant's motion to withdraw his guilty plea and remand this

14

cause for proper Rule 605(c) admonishments and further postplea proceedings. Because we remand, we do not address the defendant's other issues.

¶ 27                                    III. CONCLUSION

¶ 28    For the foregoing reasons, where the trial court failed to substantially comply with Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001) by failing to admonish the defendant that, if he was indigent, counsel would be appointed to assist him in preparing his postplea motions, the trial court's denial of the defendant's motion to withdraw his guilty plea is reversed, and the cause is remanded for further postplea proceedings.

¶ 29    Reversed and remanded with directions.